## PAYNE *v.* RITTMAN.

Opinion delivered February 18, 1899.

1. CITY MARSHAL—VACANCY—APPOINTMENT.—A vacancy in the office of city marshal of a city of the second class cannot be filled by the appointment of the governor, but should be filled by the city council, under the general power of municipalities to fill vacancies.  (Page 203.)

66 201
s68 339
68 558

66 201
72 184
72 284
66 201
74 425

66 201
f 84 551

66 201
f80 375
81 41
82 530
c82 531

2. CIRCUIT COURT—JURISDICTION —Under Constitution 1874, art. 7, § 11, providing that "the circuit courts shall have jurisdiction in all civil and criminal cases, the exclusive jurisdiction of which may not be vested in other courts provided for by this constitutution," a demurrer to the jurisdiction of a circuit court to try a contested election case is properly overruled where exclusive jurisdiction has not been conferred on some other court. (Page 204.)

Appeal from Arkansas Circuit Court.

GEORGE M. CHAPLINE, Judge.

*H. A. & J. R. Parker*, for appellant.

The governor has the power to fill a vacancy in the office of town marshal. When any office becomes vacant, and there is no means provided for filling it, the governor has the power to appoint. Sand. & H. Dig. § 3156; art. 6, § 23, Const. Members of the council, only, can be elected at special elections. Sand. & H. Dig. § 5127. A town marshal is not a member of the council. Sand. & H. Dig. § 5259. Appellant had the right to go into circuit court to recover both fees and office. 50 Ark. 266; 42 Ark. 117; 28 Ark. 451; 32 Ark. 315; 48 Ark. 301; 49 Ark. 361.

*Geo. C. Lewis*, for appelles.

Section 23, art. 6, of the constitution, confers power upon the governor to appoint only executive officers of *the state*, and refers only to commissioned officers. Nor does the amendment of 1893 [Acts 1893, p. 360) cover this case. The amended provision supersedes the old one. 53 Ark. 339. All governmental power, not delegated by the constitution, is lodged in the people. Const. Ark., art. 2, § 1729; Pom. Const. Law, § 151; Dill. Mun. Corp. § 9; Cooley, Const. Lim. 225. The right of local self government belongs to the people. 4 L. R. A. 71; Dill. Mun. Corp. §§ 11, 206; 15 N. Y. 561; 55 N. Y. 50; 13 Am. St. Rep. 123; 31 L. R. A. 529; 24 Mich. 44; 32 N. Y. 364. The power to elect impliedly includes the power to fill any vacancy in the office. 19 Am. & Eng. Enc. Law, 430, 548, 550; 1 Cal. 519; 2 Cal. 135; 55 N. Y. 50. The county court has exclusive original jurisdiction of contests in municipal elections. 33 Ark. 191; 43 Ark. 62; 51 Ark. 559; 61 Ark. 247.

BUNN, C. J.    The city marshal of Stuttgart, Arkansas county, died, and on the 26th of September, 1898, the council of said Stuttgart, which was a city of the second-class, held a special election to fill the vacancy, and the election officers certified that the appellee was elected, and he took possession of said office, under the sanction of said council, and has held the same since that time.    On the 8th of October, 1898, appellant was appointed and commissioned by the governor of the state as city marshal of said city.

This proceeding was instituted by appellant, seeking, in effect, two remedies by which to oust the appellee, the incumbent aforesaid:    First.    A suit in the nature of a proceeding by *quo warranto* to try title to office, the plaintiff claiming title under and by virtue of the appointment and commission of the governor, and calling in question the defendant's title under and by virtue of the special election, contending, in effect, that if the governor could lawfully fill the vacancy, the same could not be filled by the city by and through a special election. Second.    A proceeding to contest the election of the defendant at said special election, conforming his pleadings to the statutory requirements in cases of election contests, and pointing out in his declaration the grounds of his contest.    The two proceedings were instituted by the same complaint, but the same was divided into two paragraphs, the latter being in the nature of an alternative action, to be relied upon if the other was not available.

To the first cause of action the defendant interposed a general demurrer to the effect that said first paragraph of the complaint does not state facts sufficient to constitute a cause of action against this defendant.    This demurrer raises the question as to which of the two methods—by the appointment of the governor or by special election by the city council—is the lawful method to fill a vacancy in the office of city marshal of a city of the second-class.    It will be observed that, while authority is conferred by statute upon a city of the second class to order special elections to fill vacancies in the office of city aldermen, nothing is said in that connection as to the office of city marshal.    But a majority of this court holds that the authority to fill vacancies belongs to municipalities generally,

and that these general powers are expressly conferred by statute in this state upon all its municipal corporations. This holding is to the effect, therefore, that the appointment in this instance by the governor is invalid. This demurrer was sustained by the circuit court, and the judgment to that extent is affirmed.

The defendant interposed his demurrer also to the second paragraph of the complaint, which calls in question the jurisdiction of the circuit court to try a contested election. The plaintiff, on the other hand, contends that, no other tribunal having been named by law as having jurisdiction in contests for the office, it follows that the circuit court has such jurisdiction inherently, under the 11th section of article 7 of the constitution, which reads as follows: "The circuit courts shall have jurisdiction in all civil and criminal cases, the exclusive jurisdiction of which may not be vested in some other court provided for by this constitution." It is said by this court in *Heilman* v. *Martin*, 2 Ark. 158, that "a plea to the jurisdiction of the circuit court must show that there is some other court having jurisdiction." And now it should appear, not only that there is some other court having jurisdiction, but exclusive jurisdiction. *State* v. *Devers*, 34 Ark. 188.

The court below sustained the demurrer to its jurisdiction also, and in this it was in error, and the judgment is therefore reversed, and remanded with directions to overrule the demurrer to the jurisdiction, and to proceed to try the cause on the second paragraph.