## DOHERTY *v.* CRIPPS.

## Opinion delivered May 6, 1907.

1. MUNICIPAL CORPORATIONS—POWER OF CONTROL TO DETERMINE ELECTION CONTESTS.—Kirby's Digest, § 5602, providing that the members of a city council "shall be the judges of the election returns and qualifications of their own members," does not confer upon a council of a city of the first class power to determine membership in that body, but limited the right of the council to passing upon the face of the returns. (Page 529.)

2. CIRCUIT COURT—JURISDICTION—ELECTION CONTEST.—The circuit court has jurisdiction to determine contests for membership in councils of cities of the first class. (Page 531.)

Appeal from Garland Circuit Court; *Alexander M. Duffie,* Judge; affirmed.

*C. V. Teague* and *C. Floyd Huff,* for appellant.

The circuit court was without original jurisdiction in this case. Art. 19, § 24, Const.; art. 11, § 4, *Id.;* 51 Ark. 559; Kirby's Digest, § 5602. It could only acquire jurisdiction by appeal. Art. 7, § 52, Const. Inasmuch as election contests are not civil actions in the ordinary acceptation, but special proceedings, the circiut court has no concurrent jurisdiction. 80 Ark. 309.

*Wood & Henderson,* for appellee.

It was not the purpose of the statute, Kirby's Digest, § 5602, to provide a mode of contesting an election for the office of alderman, but to empower the city council from the face of the returns to determine who were entitled to seats in its body for the purpose of effecting an organization. "The statutes of this State do not name any tribunal for the trial of contests of elections for municipal officers." 80 Ark. 369. Under the Constitution, art. 7, § 11, the circuit court has jurisdiction. 68 Ark. 555; 66 Ark. 201; 8 So. 1; 28 N. W. 927; 23 Pac. 663; 44 Pac. 266; 34 N. W. 226; 22 Pac. 1039; 80 N. Y. 185; 1 Dill. Mun. Corp. (3 Ed.), § § 202-3, and notes; McCrary on Elec., § 345.

HILL, C. J. This case involves the question whether the circuit court has jurisdiction to determine contests for membership in councils of cities of the first class. It has been held that

the Usurpation of Office Statute, chapter 155 of Kirby's Digest, is applicable to municipal offices, and contests for a municipal office may be maintained in the circuit court. *Payne* v. *Rittman,* 66. Ark. 201; *Whittaker* v. *Watson,* 68 Ark. 555; *Sumpter* v. *Duffie,* 80 Ark. 369.

Section 5602 of Kirby's Digest, relating to the powers of city councils, which is a part of section 51, act of March 9, 1875 (see Acts of 1874-5, page 21), is as follows: "They (referring to the members of the city council) shall be the judges of the election returns and qualifications of their own members." If this provision can be construed as a compliance by the General Assembly with art. 19, § 24, of the Constitution, which provides that the General Assembly shall provide a mode of contesting elections in cases not specifically provided for in the Constitution, then the jurisdiction of the circuit court is ousted, and the council is the tribunal for determining contests of members of the city council subject to the right of appeal to the circuit court, as provided in art, 7, § 52, of the Constitution.

. Attention is first called to the difference in the phraseology between the power conferred upon the council and that conferred upon the Legislature, in the matter of determining its own membership. "Each house * * * shall be the sole judge of the qualifications, returns and elections of its own members." Art. 5, § 10. And the section under inquiry reads: "Members of the council shall be the judges of the election returns and qualifications of their own members." In New York the power in boards of alderman was to judge of the "election returns and qualifications" of the members, and it was held that the power was limited to the determination from the face of the returns as to who was elected to membership in the body, and did not give power to determine the validity of the election. *People* v. *Fornes,* 80 N. Y. Sup. 385, 79 App. Division, 618. .

The right to determine an election necessarily includes more than a decision from the mere face of the returns, and would contain the power to go into the actual facts; in other words, a judicial determination of the contest. The Legislature evidently did not intend to confer upon the council the right to judicially determine membership in that body, but limited the right of the council to pass upon the face of the re-

turns and the qualifications of its members. It was held in *Payne* v. *Rittman,* 66 Ark. 201, that a plea to the jurisdiction of the circuit court must show that some other court has jurisdiction, and exclusive jurisdiction. This is in consonance with the general principles laid down in the authorities that conferring upon a city council the power to judge of the qualification and election of its own members does not confer an exclusive power unless it be plainly and unequivocally indicated that it is to be exclusive. 1st Dillon on Municipal Corporations (4 Ed.), 202; McCrary on Elections, § 380.

*A fortiorari,* when the power is limited to the election returns and qualifications, the jurisdiction of the courts is not ousted.

An application of these principles to the case in hand demonstrates that the circuit court has jurisdiction to determine election contests for membership in councils of cities of the first class.

Judgment affirmed.