## HOGINS v. BULLOCK.

### Opinion delivered October 18, 1909.

1. MUNICIPAL OFFICES—VACANCIES—MODE OF FILLING.—Under Kirby's Digest, § 5433, providing that "special elections of the members of the city council shall be held at such time and place as the mayor by proclamation shall direct, so that at least ten days' notice thereof shall be given," a vacancy in the office of mayor should be filled by a special election, there being no express constitutional or statutory authority for the Governor to make such appointment. (Page 69.)

2. MUNICIPAL ELECTIONS—IRREGULARITIES—EFFECT.—If the provisions of the general election laws as to the certification of nominations, priming of ballots and forbidding the printing thereon of the name of any candidate not certified and filed in the time prescribed, apply to special elections for mayor, such irregularities will not avoid such an election at the instance of one who holds the office of mayor without authority and was not a candidate at such special election. (Page 70.)

Appeal from Pope Circuit Court; *Hugh Basham,* Judge; affirmed.

#### STATEMENT BY THE COURT.

On the 4th day of February, 1909, the mayor of Russellville, a city of the second class, resigned. A special election was ordered for February 16, 1909, to fill the vacancy. Appellee was elected at the election held on that day, and February 23, 1909, was commissioned by the Governor. In the meantime on the 8th of February, 1909, appellant was appointed mayor by the Governor for the unexpired term prescribed by law, had received his commission, and had duly entered upon the discharge of the duties of mayor.

Appellee, after receiving his commission, qualified as mayor by taking the oath of office and filing bond with the recorder of the city. He demanded of appellant the office and records of same, and upon appellant's refusal to surrender them brought this

suit against appellant to oust him from the office. The evidence showed that a proclamation by the acting mayor of the city was made and published February 8, 9, and 12, in a newspaper published and having a general circulation in Russellville. The notice of election was given eight days. It was the usual notice given for special elections. There was no primary election to nominate candidates for mayor to be elected at the special election to be held on the 16th of February, 1909. The name of appellee was printed on tickets by the election commissioners. No other names were printed on the tickets. There were no other avowed candidates, but blank places and lines were left on the printed tickets so voters could write other names if they wished. Appellee received all the votes cast at the election, to-wit, 203 votes. Appellant voted for appellee. The election commissioners certified to the election of appellee, and he was commissioned as above stated by the Governor.

*Dan B. Granger* and *Brooks, Hays & Martin*, for appellant.

When a vacancy occurs in any office, and no mode is provided by the Constitution and laws for filling the same, the Governor shall fill the same by appointment. Const. 1874, art. 6, sec. 23. The special election under which appellee claims is invalid, because not ordered, held or conducted in accordance with the law. Kirby's Dig. § 5433. The law requiring the city council to fix the time and place for special elections, as well as requiring notice by the mayor, is mandatory, and failure to observe it is fatal. 68 Ark. 338. So is the law requiring one of the judges to indorse his name on the ballot. 69 Ark. 501. Where failure to observe the directions of a statute may prejudice the rights of some one, they are mandatory. 79 Ark. 236.

*R. B. Wilson*, for appellee.

The Legislature has provided for the appointment of a mayor only in one contingency, and that is when the office has become vacant by removal for malfeasance or nonfeasance. Kirby's Dig., § § 5492, 5493. The right to make appointments to office is not inherent in the executive. The municipal corporation itself has authority to fill vacancies in office unless the officer has been removed for malfeasance or nonfeasance. 64 Ark. 201. Section 101 of act of January 23, 1875, provides that the election

of all officers required to be elected shall be governed by this act unless otherwise provided. Kirby's Dig. § 2891. The provisions of the law not affecting the merits of the election are only directory. 69 Ark. 501 ; 32 Ark. 553. The giving of notice is not essential. 50 Ark. 266; 68 Tex. 30; 83 Cal. 70.

WOOD, J., (after stating facts). 1. The only question is who was entitled to the office of mayor of the city of Russellville, when appellee instituted this suit? The Constitution makes no provision for filling the office of mayor.

The framers of the Constitution left the entire matter of the organization of cities to the Legislature, Art. 12, sec. 3. By section 5433 of Kirby's Digest it is provided that: "Special elections of the members of the city council of all cities shall be held at such time and place as the mayor by proclamation shall direct, so that at least ten days' notice thereof shall be given." The mayor, under the law, is a member of the city council. See section 5589, Kirby's Dig., in connection with sections 5432 and 5581.

By these provisions it is clear that the only mode for filling a vacancy in the office of mayor is by special election, and not by appointment. In the absence of express constitutional statutory authority authorizing the Governor to appoint, he has no such power. "The right to make appointments to office is not inherently an executive prerogative." 23 Am. & Eng. Ency. Law, p. 343, and cases cited.

But this court has held that the authority to fill vacancies in municipal offices does come within the purview of the general powers conferred by statute on municipalities in this State. *Payne* v. *Rittman,* 66 Ark. 201. Our conclusion on this point is that neither the Constitution nor the statute confers upon the Governor the power to fill vacancies in the office of mayor by appointment. Section 23 of art. 6 of the Constitution, providing that when any vacancy occurs in any office and no mode is provided by the Constitution and laws for filling same, the Governor shall fill the same by appointment, etc., has no application to a vacancy occurring in the office of mayor. A mode is provided by statute for filling vacancies in the office of mayor. See section of the Digest *supra* and § 5612. Section 23, art. 6, of the Constitution refers to other than municipal officers.

2. Appellant urges that, even if election was the only mode of filling the vacancy, such election in this case was invalid because the provisions of the general election laws as to the certification of nominations, printing of ballots, and forbidding the printing thereon of the name of any candidate not certified and filed in the time prescribed, apply likewise to special elections for mayor. See sections 2777-80, 2788, 2790, Kirby's Dig.

We need not decide whether these provisions apply to the special election of mayor. For, conceding that they do, appellant is in no position to complain of a failure to observe the requirements of the law. He held the office without legal authority, and was not the victim of any unfair treatment in the election. He was not a candidate, and voted for the appellee, who was the only candidate at the very election which he now calls in question. It is not pretended that any fraud was perpetrated on him by the appellee or the election commissioners. The statute does not declare that the election shall be void at which ballots are used containing the name of a person who has not been certified as a nominee. The failure to comply with the letter of the law by election officers, especially in matters over which neither the candidate nor the voter has control, and in which no fraud is perpetrated, will not as a general rule render an election void, unless the statute expressly makes it so. McCrary on Elections, § 403. Says the Supreme Court of Indiana: "All provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result; or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void." *Jones* v. *State,* 153 Ind. 440, 55 N. E. 229.

The same principle is recognized in *Rhodes* v. *Driver,* 69 Ark. 501. See also *Wheat* v. *Smith,* 50 Ark. 266; *Govan* v. *Jackson,* 32 Ark. 553, and other cases cited in appellee's brief.

The election in this case was regularly called, notice was given, and appellee was the unanimous choice of untrammelled voters.

Affirmed.