## BLAKE v. TROUT.

### Opinion delivered February 12, 1917.

MUNICIPAL CORPORATIONS—ELECTION OF MAYOR OF INCORPORATED TOWN —VACANCY.—The mayor of an incorporated town resigned; *held,* his successor was properly elected under the provisions of the statute.

Appeal from Benton Chancery Court, *T. H. Humphries,* Chancellor; reversed.

*F. G. Lindsey,* for appellant.

1. Rozar was the acting, duly elected and commissioned mayor and his authority to act cannot be collaterally attacked. 4 Ark. 582; 25 *Id.* 336; 38 *Id.* 150; 49 *Id.* 439; 52 *Id.* 356. The mayor was not a party. 25 Ark. 336.

2. He was at least *de facto* mayor and habeas corpus was not the remedy, but appeal. 48 Ark. 439; 70 *Id.* 12; 48 *Id.* 283.

The appellees *pro se.*

1. Appellant's proper remedy was certiorari. 99 Ark. 412; 105 *Id.* 1.

2. The abstract is not sufficient. 101 Ark. 207; 80 *Id.* 259.

3. This is a collateral attack. 73 S. W. 811. It is the election and not the commission that gives title. 48 Ark. 82.

4. The commission is void. Kirby's Digest, §§ 5612, 5433; 92 Ark. 67. The Governor cannot appoint a mayor. 92 *Id.* 67.

5. If the council had power to elect, it must be at a regular meeting, or one specially called for the purpose. Kirby's Digest, §§ 5433, 5474, 5582; 40 Ark. 105; 102 *Id.* 12; 28 Cyc. 334.

### STATEMENT BY THE COURT.

This is an appeal from the decree of the Benton chancery court ordering the appellee discharged from the custody of T. T. Blake, sheriff and jailor of Benton county. On petition of the appellee the chancery court issued a writ of habeas corpus directed to the appellant as sheriff and jailor, to have the appellee brought before the court and requiring the appellant to show by what authority he held the appellee. The appellant responded that he was holding the appellee under the authority of a commitment issued by E. C. Rozar, mayor of the incorporated town of Centerton, Benton county, Arkansas, for a judgment and fine that had been entered against him in the sum of $75.00 for the crime of assaulting an officer.

The undisputed evidence shows that on February 3rd, 1916, the duly elected Mayor of the town resigned and his resignation was accepted by the town council; that E. C. Rozar at the time was recorder and acted as mayor; that on February 11, 1916, the council had a meeting at the office of the lumber yard, at which all the members of the council were present and all voted for E. C. Rozar for mayor. This vote and the resignation of Dr. Duncan were sent to the Governor and the Governor sent Rozar a commission. There was no election called for the election of a mayor by the voters of the town, and Rozar was not elected at such an election, but was elected by the unanimous vote of the council. He was duly sworn in as mayor by the circuit clerk, and was acting as mayor at the time of the arrest and trial of appellee. There was a warrant issued by E. C. Rozar, the mayor, commanding the marshal of the town to arrest the appellee and bring him before the mayor to answer the charge of resisting an officer,

founded on the affidavit of S. M. Sharp, marshal of the town of Centerton.

Appellee was brought before Rozar, tried by him and fined in the sum of $75.00 and costs. He refused to pay the fine, whereupon the commitment was issued, the validity of which the appellee challenged in his petition for habeas corpus.

The chancery court, upon the above evidence, rendered the decree above mentioned and the appellant, who was respondent to the petition in the court below, duly prosecutes this appeal.

WOOD, J. (after stating the facts). The appelle contends that when a vacancy occurs in the office of mayor of an incorporated town the vacancy must be filled by a special election, held on proper notice to the voters, and he cites section 5433 of Kirby's Digest to sustain his contention. But that section has reference to the regular elections and special elections of cities and incorporated towns for the election of officers and members of the council of cities and incorporated towns therein designated. The section does not apply to elections to fill vacancies in the office of mayor of incorporated towns caused by the death or resignation of the mayor. The election of a mayor in such a contingency is provided for by other sections of the statute. See Kirby's Digest, secs. 5581 and 5584, inclusive. Under these provisions, the corporate authority of incorporated towns is vested in the mayor, recorder and five aldermen, who hold their offices for one year and until their successors are elected and qualified. When the mayor is absent or unable to perform the functions of his office the recorder of the town is substituted for him with full power and jurisdiction. The council has the power "to fill vacancies which may happen in their board from the qualified electors of the corporation, who shall hold their appointments until the next annual election, and until their successors are elected and qualified."

The record shows that the minutes of the council showed that at a meeting of the Centerton council at the office of the lumber yard E. C. Rozar, on motion, was unanimously elected mayor. The minutes showed that all the members of the council were present, that their names were recorded, and that the vote was unanimous for E. C. Rozar. This was a substantial compliance with section 5474 of the Digest. The minutes showed that the meeting at which this was done was presided over by E. C. Rozar, the recorder, who, in the absence of the mayor, was the proper person to perform that function. Kirby's Digest, sec. 5582.

The case of *Hogins* v. *Bullock*, 92 Ark. 67, cited and relied on to sustain the contention of the appellee, has no application to the facts of this record. The election and appointment of the mayor by the council of Centerton was in all things regular. The record shows that appellee was tried before the mayor sitting as a justice of the peace for an offense committed within his jurisdiction, and that he was convicted and regularly committed.

The judgment of the chancery court discharging the appellee is therefore reversed and the cause will be remanded with directions to the chancery court to order the appellant to take the appellee into custody and to execute the commitment.

Humphreys, J., not participating.