BIGGS v. STOUT.

Opinion delivered May 4, 1925.

1. LEVEES—MODE OF SELECTING DIRECTORS.—The office of levee district directors is within the control of the Legislature, which may appoint the directors, as was done by Acts 1893, p. 24, or prescribe any other method for their selection.

2. LEVEES—ELECTION OF DIRECTORS.—By the express terms of. Sp. Acts 1919 p. 200, §2, an election of a director of the St. Francis Levee District is null and void where notice of the election was not published by the election commissioners.

Appeal from St. Francis Circuit Court; E. D. Robertson, Judge; affirmed.

Norfleet & Norfleet, for appellant.

C. W. Norton and Mann & McCulloch, for appellee.

SMITH, J. Appellant filed a petition in the circuit court of St. Francis County against appellees, who are the election commissioners for that county, praying that a writ of mandamus be awarded directing appellees to certify appellant's election as a member of the board of directors of the St. Francis Levee District.

Appellant alleged the following facts: That he is a citizen of St. Francis County, and possesses the qualifications required by law to be a director of the St. Francis Levee District. That in that part of said county lying wihin St. Francis Levee District, hereinafter referred to as the district, there are as many as a hundred persons who possess the qualifications required by law to vote at an election for levee director, and within that part of St. Francis County lying within said district there are seven

polling places, which were named, where it is customary to hold elections for State and county officers, but it had been the custom, in electing levee directors, to hold an election at not more than two of such places, and frequently in only one. That only a small part of the qualified electors have ever voted at the election of a levee director, and Joseph Mewbern, whose term of office had expired and to whose place the petitioner was elected, was elected at an election held at only one of such usual voting places, and at such election received only eleven votes, which were all the votes cast at the election at which the said Mewbern was elected.

It was further alleged that November 13, 1923, was the day fixed by law for electing a levee director for St. Francis County, but the election commissioners failed to issue and publish the notice of such election required by law, and did not appoint judges and clerks to hold such election, but wholly ignored and disregarded their duty to call such election and to fix the places for holding same. That, notwithstanding this failure, certain citizens of St. Francis County, who were qualified as electors to vote for a levee director for that county, assembled at Heth, one of the usual voting places in said district, and elected three of their number as judges and two as clerks, and said judges held an election, at which eleven qualified votes were polled, all of which were cast for appellant, and no votes were cast for any other person, and no election was held at any other voting place in said district in St. Francis County. The votes cast for appellant at such election were duly certified by the election officers as required by the statute authorizing such election, but appellees, constituting the board of election commissioners, have refused to certify the result thereof or to issue to appellant a certificate showing his election.

There was a prayer that appellees be required to certify the returns of the election and to issue to appellant a proper certificate showing his election as a director of the said district.

A demurrer to this petition was filed and sustained and the cause dismissed, and this appeal questions the sufficiency of the complaint to state a cause of action entitling appellant to the relief prayed.

The St. Francis Levee District was created by a special act passed at the 1893 session of the General Assembly. Act 19, Acts 1893, p. 24. The act creating the district named three directors for each county lying wholly or in part in said district, whose terms of office were fixed at one, two and three years, respectively, and it was provided that, upon the expiration of these respective terms of office, successors to the directors whose terms had expired should be appointed by the Governor, and such director thereafter served for three years, so that the terms of office of one-third of the directors expired each year, and vacancies were filled on the expiration of the terms of office by the Governor's appointment.

The directors of the district were thus appointed from the time of the creation of the district in 1893 until provision was made by act 117 of the Acts of 1917 for the election of the directors. Acts 1917, vol. 1, p. 623.

This act of 1917 prescribed the qualifications of directors and of electors to vote for directors, and the time for holding the election, and imposed on the board of election commissioners for each of the counties lying wholly or in part in said district the duty of appointing judges to hold the election and that of canvassing and certifying the returns. The various provisions of the act need not be set out, and it will suffice to say that the act provided a method whereby the directors should thereafter be elected.

This act was construed in the case of *McDaniel v. Ashworth,* 137 Ark. 280, where it was held that the act had deprived the Governor of the power to make appointments, and that the existing directors held office until their successors should be elected and qualified, and that by the terms of the act, three directors were to be elected

in each county in 1918 who should hold office, for one, two and three years, respectively, and that the next election should be held in 1920, when two directors were to be elected, one to fill out the unexpired term beginning in 1919 and the other for a full term of three years, and that thereafter one director should be elected each year for a full term of three years.

The act of 1917, *supra,* was amended by act 116 of the Acts of 1919. Special Acts 1919, page 200. By this amendatory act the time for holding the election of directors was fixed on the second Tuesday of November of each year. By § 2 of the amendatory act of 1919 it was made the duty of the election commissioners to publish notice of the election in some newspaper in each of the counties for not more than twenty nor less than ten days before the date of the election, but, after so providing, it was further provided: "That should any board of election commissioners of any county within said levee district fail, refuse or neglect to give notice of said election as herein provided for, each member of said board of election commissioners for said county shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than twenty-five dollars nor more than two hundred and fifty dollars. Provided, that any election held or attempted to be held in any county within said district for the purpose of electing said directors shall be null and void unless the notice of said election has been given as provided for in this act."

It will be observed that the petition alleges that the election commissioners of St. Francis County failed to give the notice required by this amendatory statute. But appellant insists that this failure could not, and did not, operate to deprive the electors of the right to elect a director at the time appointed by law for holding the election.

In support of this contention counsel for appellant cite cases holding that, where the Constitution or a valid

statute prescribes the time, place and manner for the election of a particular officer, or for the determination of a specific question by the qualified voters, and a statute requires certain officers to give notice of the election, such statutory requirement is merely directory, and neither irregularity in the notice nor an absolute failure to give the notice will invalidate the election. This rule has been given recognition and has been approved and adopted by this court; but it has no application here. *Wheat* v. *Smith,* 50 Ark. 266; *Hildreth* v. *Taylor,* 117 Ark. 465, 470; *Hogins* v. *Bullock,* 92 Ark. 67, 70.

The office in question is that of director of the St. Francis Levee District—an office completely within legislative control. It was within the power of the Legislature to appoint the directors itself, as was done when the district was created, or to prescribe any method it saw fit for their selection.

It was the duty of the election commissioners to call and to arrange for the holding of the election, and they might, by mandamus or other appropriate remedy, have been required to perform this duty, and their failure to perform this duty was a misdemeanor. But, unless this duty is performed, there is no authority for holding the election, and the director in office would continue in office until an authorized election was held. The statute so expressly provides, and therefore the rule stated, which applies to the election of ordinary public officers, has no application to the election of levee directors. This is true because the matter of selecting directors for the levee district is entirely within the control of the Legislature, and it is expressly provided that any election held without prescribed notice having been given is "null and void." There was therefore no authority for holding the election at which appellant claims to have been elected. That election was "null and void," according to the statute quoted from, and the demurrer to the complaint was therefore properly sustained.