LEWIS *v.* TATE, MAYOR.

4-8104                                    197 S. W. 2d 23

Opinion delivered November 4, 1946.

*Creekmore & Robinson,* for appellant.

*Batchelor & Batchelor,* for appellee.

HOLT, J. This action was brought by appellant, Harley Lewis, against the mayor, recorder and members of the City Council of Mulberry, Ark. The allegations of his complaint were: "That he is a qualified elector of the City of Mulberry, Arkansas, is the owner of property within the corporate limits of said municipality, and is a taxpayer therein, and that he brings this suit on behalf of himself and all other persons similarly situated.

"By action of the State Board of Municipal Incorporations taken on November 15, 1945, as a result of an election held in Mulberry, the municipality was raised from an incorporated town to a city of the second class, and later it completed its organization by the election of the present officers and city council; that this occurred prior to July 19, 1946.

"That Mulberry does not have a general sewer system, but the council has ascertained and declared that there is a need for a comprehensive sewer system, but the cost of the system cannot be financed exclusively either by revenue bonds or by bonds issued under the terms of Amendment No. 13 to the Constitution of the State of Arkansas, and the city council has formed the plan of financing the cost of this sewer system by issuing a series of revenue bonds, to be supplemented by a series of $14,000 in bonds issued under authority of Amendment No. 13. Pursuant to this plan, the city council on July 19, 1946, passed Ordinance No. 88, calling a special election in the city to submit the question of the bond issue and a tax to pay the bonds and interest, this election to be held on August 27, 1946. A copy of Ordinance No. 88 is attached hereto as Exhibit "A" to this complaint.

"It is admitted that Ordinance No. 88 was duly passed and that both the ordinance and the form of the notice of the election comply with the provisions of

said Amendment No. 13; that the ballot was in proper form, the election was held and conducted, the vote canvassed, and the result declared under the law and in the manner provided for municipal elections, and the mayor on August 28, 1946, issued a proclamation showing that the election resulted in 121 votes for the bonds and for the tax, and 23 votes against the bonds and against the tax.

"Plaintiff alleges that the election is void for the reason that the notice of election was not given as required by Amendment No. 13, which expressly provides that the notice shall be by advertisement weekly for at least four times in some newspaper published in said municipality and having a *bona fide* circulation therein, the last publication to be not less than ten days prior to the date of the election. In the effort to comply with this provision, and in the absence of a newspaper published in Mulberry, the defendants published the notice of the special election in the "Mulberry" section of *The Press-Argus,* a weekly newspaper published in the near-by city of Van Buren, which is in the same county; that this notice appeared in the issues of July 26, August 2, 9, and 16, 1946, and there is attached hereto as Exhibit "B" to this complaint the upper half of page No. 4 of the issue of Friday, August 9, 1946, which shows the heading of the "Mulberry" section under which the special correspondent has collected news items about the City of Mulberry and its people, and in this section the notice appears. In addition to the publication in the newspaper, the defendants attempted to comply with the terms of the amendment by posting an identical notice to that published, in ten or more of the most public places in the city, more than thirty days before the date set for the election, and it is admitted that the inhabitants of Mulberry were fully advised of the election, as is evidenced by the very substantial vote for and against the proposals. ,

"Plaintiff further alleges that unless restrained by this court, the defendants propose to proceed under § 6 of Ordinance No. 88 to advertise a public sale of the

bonds, and they will make a sale of the bonds, with the result that the city will be involved in expensive, prolonged litigation, its credit will be damaged, and the taxpayers will be subjected to needless and illegal expenditure of public funds.

"Wherefore, the plaintiff prays an order of this court permanently restraining the defendants from proceeding any further with their attempt to issue the proposed $14,000 in bonds under the authority of Amendment No. 13, and that he have his costs herein expended and all other proper relief."

Ordinance No. 88, Exhibit "A," made a part of the complaint, provides in § 4: "Because no newspaper is published in the City of Mulberry, Arkansas, the mayor of said city is hereby authorized and directed to give notice of the special election by an advertisement published weekly, once a week for four times in the Van Buren *Press-Argus,* a newspaper published in the City of Van Buren, Arkansas, and having a *bona fide* circulation in the City of Mulberry, etc."

Appellees filed a general demurrer, which the trial court sustained, and upon appellant's election to stand on his complaint, and his refusal to plead further, the complaint was dismissed for want of equity. This appeal followed.

The sole question presented is the sufficiency of the publication of the election notice in the Van Buren *Press-Argus,* there being no newspaper published in Mulberry, Arkansas.

Appellant argues that this publication of the notice of the election, submitting the question of issuing bonds, was not a sufficient compliance with Amendment No. 13 of our Constitution, which provides: "Notice of said election (the election submitting the question of issuing bonds) shall be given by the mayor by advertisement weekly for at least four times in some newspaper published in said municipality and having a *bona fide* circulation therein; the last publication to be not less than ten days prior to the date of said election."

The identical question presented here was decided adversely to appellant's contention in the case of *Connerly* v. *Stephenson,* 181 Ark. 833, 28 S. W. 2d 60, 29 S. W. 2d 276. The facts in the Connerly case were similar in effect to those presented here. In that case, the City of Eudora called for a special election to vote on the question of an $8,000 bond issue for the purpose of constructing a public hall. No newspaper was published within the City of Eudora, so the notice was published in the *Chicot-Spectator,* a weekly newspaper printed in Lake Village, which had a general and *bona fide* circulation in Eudora. Lake Village and Eudora are cities within Chicot County. In that case, this court had under consideration the meaning and effect of the above provision of Amendment 13 relied upon by appellant here, and it was there said: "We do not think the word 'published' as used in the amendment is altogether synonymous with the word 'printed.' If that meaning alone should be attributed to the word 'published,' in the connection in which used, it follows that the people intended by the passage of the amendment to deny cities in which a weekly newspaper is not printed the privilege of voting bonds to build a public hall. Certainly it was not the intention of the people to penalize the city simply because a weekly newspaper was not printed therein. The intention was to accord to all cities the privilege, by a majority vote of the electors, of issuing bonds to build a public hall. As there is nothing in the amendment to indicate that the people intended to discriminate between cities of the State relative to voting bonds to construct a public hall, the word 'published' should not be restricted in meaning so as to result in such a discrimination. The common and ordinary meaning of the word 'published,' according to Webster's New International Dictionary, is 'to make public, to make known to the people in general.' The newspapers might be printed but never published. It is only published when put in general circulation. The proper and correct meaning of the word 'published,' as used in the amendment, is that the notice must be inserted for the required time in a newspaper that will make the special

election and the date thereof a public matter or known to the people in the city affected. In the instant case the notice was promulgated or proclaimed in a newspaper that had five hundred subscribers in the corporate limits of Eudora, and about one-half of which was devoted to the news of said town, being edited by a local reporter or editor.

"This court has adopted a liberal rule governing the sufficiency of notices of special elections. *Wheat* v. *Smith,* 50 Ark. 266, 7 S. W. 161; *Hogins* v. *Bullock,* 92 Ark. 67, 121 S. W. 1064, 19 Ann. Cas. 822. We think the liberal rule announced in the cases cited should be applied to the instant case, because in doing so the true intent of the people in the adoption of the amendment will be reflected in the construction of the word 'published' in the connection used without doing violence to the language and context."

In the present case, as shown by the allegations of the complaint and Exhibit "A," a part thereof, which on the demurrer are admitted to be true, there was no paper published in Mulberry, and the mayor and city council undertook to meet the requirements of Amendment No. 13, *supra,* by publishing the notice of the election in a long established weekly newspaper published in the near-by City of Van Buren, known as *The Press-Argus,* which had a *bona fide* circulation in Mulberry. One section of this paper was devoted to news items about Mulberry under the following large type heading, "MULBERRY, Mrs. T. J. House, Correspondent." We take judicial knowledge that Van Buren and Mulberry are both in Crawford County, but a few miles apart.

We conclude, therefore, that the *Connerly* v. *Stephenson* case, *supra,* is controlling here, and accordingly, the decree is affirmed.