The Honorable Wayne Wagner State Representative P.O. Box 1135 Manila, AR 72442
Dear Representative Wagner:
This is in response to your request for an opinion regarding the office of mayor in the town of Black Oak. You note that Donald Rogers was appointed by the city council in the fall of 1987 to complete the term of Oliver Cook, I assume as a result of a vacancy in the office. I also assume that Mr. Cook was elected to the office in November of 1986, in accordance with A.C.A.14-45-104. You have asked, specifically, whether Mr. Rogers must now run in the 1988 general election or whether he may continue in completing Mr. Cook's term.
It is my understanding that Black Oak is an incorporated town, operating under the mayor-council form of government. Although the statutes at one time were clear in specifying the manner in which vacancies in the office of mayor of incorporated towns were to be filled, repeated amendments of the law have created some uncertainty. However, I believe that questions in this regard would be resolved by a court in favor of Mr. Rogers' completion of the unexpired term.
An act for the incorporation, organization, and government of municipal corporations was passed in 1875 (Acts 1875, No. 1). Provision was made for the town council's authority to fill vacancies on the council, and the mayor was clearly a member of the council under Section 41. Provision was made under the 1875 Act for a one (1) year term of office for council members, and for appointees (following a vacancy) to serve until the next annual election. See Blake v. Trout, 127 Ark, 299, 192 S.W. 179 (1917). The term of council members was changed to two (2) years under Act 259 of 1937, with appointees serving until the next biennial election, Act[s] 1937 No. 259, 3.
The term of office of mayor in incorporated towns was then extended under Act 554 of 1965 to four (4) years, beginning in 1966. The continued applicability of Section 43 of 1875 Act (A.C.A. 14-45-103) to vacancies in the office of mayor must therefore be questioned, not only because there is no "biennial election" to fill that office, but also because of the change in the composition of the council that was effected under Act 343 of 1981. (A.C.A. 14-45-105). The town council is currently composed of the five (5) aldermen, with the mayor serving as ex officio president of the council. 14-45-105(a). It thus appears that the mayor is no longer a member of the council in incorporated towns. (The title of Act 343 of 1981 — states, in part, that this is "(a)n Act to Provide that the Mayor Shall Not Be a Member of the Council in Incorporated Towns.")
Resolution of this issue may turn on what has been cited by the Arkansas Supreme Court as the general power of municipalities to fill vacancies in municipal offices. This power was expressed in Payne v. Rittman, 66 Ark. 201, 49 S.W. 814 (1899) wherein the court upheld the city's sanction of a special election to fill a vacancy in the office of city marshall, notwithstanding the absence of specific statutory authority to that effect. The court cited the authority of a city of the second class to order special elections to fill vacancies in the office of alderman, noting that ". . . nothing is said in that connection as to the office of city marshall." Payne v. Rittman, 66 Ark. at 203. The court then stated:
 But a majority of this court holds that the authority to fill vacancies belongs to municipalities generally, and that these general powers are expressly conferred by statute in this state upon all its municipal corporations.
Id. at 203-204. This ruling was subsequently cited in the case of Hogins v. Bullock, 92 Ark. 67, 69, 121 S.W. 1064 (1909) in pertinent part as follows:
 (T)his court has held that the authority to fill vacancies in municipal offices does come within the purview of the general powers conferred by statute on municipalities in this State. Payne v. Rittman, 66 Ark. 201.
These cases may be cited for the proposition that the council has the authority to fill vacancies which may occur in the office of mayor in incorporated towns. Section 1 of Act 554 of 1965 (A.C.A.14-45-104) offers the only applicable authority for elections, indicating that the next election for mayor following the appointment to fill a vacancy will, in this instance be held in 1990.
It is therefore my opinion that the appointee, Mr. Rogers, may complete the unexpired term.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.