The Honorable Bruce Hawkins State Representative 211 East Church Street Morrilton, AR 72110
Dear Representative Hawkins:
This is in response to your request for an opinion concerning the inability of the Menifee town council to obtain a quorum for conducting business. Specifically, you note that one member of the town council has resigned, and two apparently refuse to attend the regular council meetings. This leaves only two of the five council members and the mayor to conduct business. Your question is how the council or mayor should take action to "replace, appoint or mandate another election in order to obtain a quorum so that the city can conduct business."
Your question involves the filling of "vacancies" on the town council. It appears that the position filled by the council member who has resigned is indeed vacant. The former council member manifested his or her intent to vacate the office by the resignation. It has been held that:
 Under certain conditions a public office may become vacant by reason of the abandonment thereof on the part of the incumbent. In such cases, however, it is necessary to show that the incumbent has manifested a clear intention to abandon the office and its duties, although such intention may be inferred from conduct. State v. Green and Rock, 206 Ark. 361, 175 S.W.2d 575 (1943)
Thus the question of whether an incumbent has abandoned an office depends upon the officer's intent. This is a question of fact. It appears clear that the council member who has resigned has abandoned the office, but we do not have sufficient facts or authority to determine whether the other two council members have "manifested a clear intention to abandon the office."
We are thus presented with a situation where there is at least one vacancy on the town council and possibly three. The statutes provide a method for the filling of vacancies on the town councils of incorporated towns. Initial reference must be made to A.C.A.14-45-103 (Supp. 1989), which governs the filling of vacancies in incorporated towns, and which provides as follows:
 The town council shall have power to fill vacancies which may occur in elective offices of the town or on the council from qualified electors of the town, who shall hold their appointments until the next biennial election and until their successors are elected and qualified.
This provision gives the "council" authority to fill "vacancies" which occur on the council. Section 14-42-103 must also be noted wherein it states:
 (a) Vacancies in municipal offices which are authorized by state law to be filled by appointment by the city or town governing body shall require a majority vote of the remaining members of the governing body. HOWEVER, THERE MUST ALWAYS BE A MAJORITY OF A QUORUM OF THE WHOLE NUMBER OF THE GOVERNING BODY TO FILL THE VACANCY. (Emphasis added.)
The emphasized phrase above was interpreted in Opinion No. 87-333
(copy enclosed) as meaning that two members of the town council of an incorporated town do not have authority to fill a vacancy on the council, because they do not constitute a "majority of a quorum of the whole number of the governing body." A majority of the whole number of aldermen is a quorum. See A.C.A.14-45-101(b), and a "majority of a quorum" of the whole number is required to fill a vacancy. If there are five alderman positions, a majority of five (or three aldermen) constitute a quorum. A majority of this quorum, meaning two of three members, is required to fill a vacancy.* ___________. * The statute does not indicate whether the mayor is to be included as a member of the council for purposes of the statute. The mayor is ex-officio president of the council, presides at its meetings, and has a vote when his or her vote is needed to pass an ordinance, bylaw, resolution, order or motion. See A.C.A. 14-45-105(a). We need not decide this question, however, because even if the mayor were included in a vote to fill three vacancies, there would still only be three votes out of a whole number of six. This is not a majority of a quorum of the whole governing body. See generally Thompson, Mayor v. Younts, 282 Ark. 524, 669 S.W.2d 471 (1984) n. 1. _________.
If there is truly only one vacancy on the council, and the two active council members can persuade the two other council members who "refuse to attend the council meetings" to attend a meeting and fill one vacancy, a majority of a quorum of the whole number may be attained and the vacancy may be filled. If, however, there are indeed three vacancies on the council, then only two council members remain to fill the vacancy. This is not sufficient under the statutes, and these two members may not fill the vacancy. Opinion No. 87-333 concludes that when this is the case, the Governor has authority to fill the vacancies under Arkansas Constitution, Art. 6, 23, which provides as follows:
 When any office from any cause may become vacant, and no mode is provided by the Constitution and laws for filling such vacancy, the Governor shall have the power to fill the same by granting a commission, which shall expire when the person elected to fill said office, at the next general election, shall be duly qualified.
Thus, if there are actually three vacancies on the council, the two remaining members cannot, under existing statutes, act to fill the vacancies. It is my opinion that the Governor has authority to fill the vacancies in that instance.** As stated previously, the question of whether the two recalcitrant council members have actually vacated their offices is a question of fact, which may ultimately have to be decided by a court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham. ___________. ** This conclusion is reached despite the fact that in Hogins v. Bullock, 92 Ark. 67 (1909) the Arkansas Supreme Court stated that "Section 23, art. 6, of the Constitution refers to other than municipal officers." 92 Ark. at p. 69. This statement appears to be dicta, and the court found that there was a mode provided by statute for filling the vacancy in issue. It is my opinion that where the statute which is to provide the method for filling a vacancy cannot operate, as here, the Governor does indeed have the appointive power. No "mode is provided by law" to fill them, other than by appointment of the Governor.
NOTE: Opinion 87-333 referred to above is in the system in AG/87 file.