The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032-0787
Dear Senator Russ:
This official Attorney General opinion is rendered in response to two questions that you have presented concerning the filling of a vacancy on the city council.
You have asked:
 (1) Where there is one vacancy on a city council of a second-class city which has six alderman positions, thereby reducing the number of current aldermen to five, does three constitute a majority for purposes of filling a vacancy pursuant to A.C.A. § 14-44-104?
 (2) What is the proper procedure for filling such a vacancy on the city council when a deadlock becomes apparent? (Can the issue be tabled, and at what point? Can the meeting be adjourned, or recessed to another time?)
Response
Question 1 — Where there is one vacancy on a city council of asecond-class city which has six alderman positions, therebyreducing the number of current aldermen to five, does threeconstitute a majority for purposes of filling a vacancy pursuantto A.C.A. § 14-44-104?
It is my opinion that in a situation where there is a vacancy on a city council of a second-class city which has six alderman positions, thereby reducing the number of current aldermen to five, a majority for purposes of filling that vacancy is constituted by three.
This question is governed by the provisions of both A.C.A. §14-44-104 and A.C.A. § 14-42-103(a). Those statutes state, respectively:
14-44-104. Vacancy in alderman's office.
 Whenever a vacancy shall occur in the office of alderman in any city of the second class, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to elect, by a majority vote of the council, an alderman to serve for the unexpired term.
A.C.A. § 14-44-104.
14-42-103. Vacancies in municipal offices.
 (a) Vacancies in municipal offices which are authorized by state law to be filled by appointment by the city or town governing body shall require a majority vote of the remaining members of the governing body. However, there must always be a majority of a quorum of the whole number of the governing body to fill the vacancy.
A.C.A. § 14-42-103(a).
The provisions of A.C.A. § 14-44-104 specifically apply to cities of the second class, but do not squarely address the issue under consideration. However, the provisions of A.C.A. § 14-42-103(a), which apply generally to all municipalities, do address the issue. Under those provisions, a majority of the "remaining" members of the city council (and a majority of a quorum of the whole number of the city council) is required in order to fill a vacancy on the council. Accord, A.C.A. § 14-55-203(b).
In the situation that you have described, three would constitute a majority of the five "remaining" members of the city council. Three would also constitute a majority of a quorum of the whole number of the city council. This office has previously opined that a quorum of a city council in a city of the second class is constituted by a majority of the whole number of members of the councils. See Op. Att'y Gen. No. 91-002. Thus, a quorum of a six-member council would be four. Id. A majority of that number, in turn, would be three.
I therefore conclude that a favorable vote of three remaining members of a six-member city council in a city of the second class would be sufficient to fill a vacancy on the council.
Question 2 — What is the proper procedure for filling such avacancy on the city council when an impasse or a deadlock becomesapparent? (Can the issue be tabled, and at what point? Can themeeting be adjourned, or recessed to another time?)
It is my opinion that this question is not addressed by state law. Although state law does provide a mode for the filling of vacancies on city councils in cities of the second class (A.C.A. §14-44-104), and although that provision directs in mandatory terms ("shall") that the vacancy be filled at the first regular meeting after the occurrence of the vacancy, state law does not address procedures such as the "tabling" of mandatory items, or the adjournment and recessing of meetings, for the purpose of addressing mandatory items at a later date. It is my opinion that such matters will be governed by the procedures that have been developed locally by the city council for the conduct of its business.[1] (Such local procedures, of course, must be consistent with state law. See Ark. Const., art. 12, § 4. Seealso A.C.A. § 14-43-601.)
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] I will note, however, that if, under the procedures that have been developed locally, an irresolvable impasse or deadlock in the filling of the vacancy should occur, the situation may trigger the provisions of Article 6, § 23 of the Arkansas Constitution, which authorizes the governor to fill the vacancy by appointment. Although this provision normally does not apply to offices for which a method has been statutorily prescribed for filling vacancies, see Hogins v. Bullock, 92 Ark. 67 (1909), it may apply in circumstances where the statutorily prescribed mode is unable to operate. See Op. Att'y Gen. No. 90-028.