STATE *ex rel.* GOING *v.* HIGGINBOTHAM.

Opinion delivered December 9, 1907.

COUNTY OFFICERS—DIRECTOR OF LEVEE DISTRICT.—A director of the St. Francis Levee District is not a "county officer", within Kirby's Digest, § 7984, providing that a prosecuting attorney may bring an action to prevent the usurpation of a county office.

Appeal from Craighead Circuit Court; *Frank Smith*, Judge; affirmed.

The State of Arkansas, on the relation of L. C. Going, prosecuting attorney of the Second Judicial District, filed a complaint against Walter Higginbotham, alleging that, under the provisions of an act of the General Assembly, which became a law without the approval of the Governor on February 15, 1893, there was created and established the St. Francis Levee District, embracing all of the counties of Mississippi and Crittenden and parts of the counties of Craighead, Poinsett, Cross, St. Francis, Lee and Phillips; that said act provided for the creation of a board of directors, to be appointed by the Governor, to control and manage the affairs of said district, and provided that said directors should be appointed, three each from the several counties named; that in March, 1905, the Governor appointed appellee a member of said board of directors from Craighead County; that appellee is a citizen and resident of Craighead County, but does not live within the bounds of said district, in fact living more than ten miles from the western boundary of said district; that appellee, notwithstanding his disqualification to serve as an officer and director of said district, has undertaken and is now undertaking to usurp said office and to serve as an officer and member of said Board of Directors of St. Francis Levee District, contrary to section four of article nineteen of the Constitution of Arkansas. Prayer that he be ousted from office, etc.

The court sustained a demurrer to this complaint. Plaintiff appealed.

*L. C. Going, Lamb & Caraway* and *A. B. Shafer,* for appellant.

1. A member of the Board of Directors of St. Francis Levee District is an officer within the meaning of art. 19, § 4, Const.; 23 Am. & Eng. Enc. Law, 322; 63 Am. St. Rep. 181; 72 Am. Dec. 179; 66 N. C. 59; 127 Ind. 365; 58 Am. Dec. 429; 68 N. C. 429; 32 La. Ann. 193; 43 Tex. 41.

2. The directors are county officers, and the action was properly instituted by the prosecuting attorney. Kirby's Digest, § 7984; Acts. 1893, p. 120; *Id.* 26, § 3; *Id.* 29, § 7; 69 Ark. 436.

*J. F. Gautney* and *N. W. Norton,* for appellee.

1. The prosecuting attorney is not authorized to bring this action. Kirby's Digest, § 7985.

2. A levee director is not only not a county officer, but is not a civil officer at all, within the meaning of art. 19, § 4, Const. 55 Ark. 148; 3 Wall. 93; art. 5, § 13, Const.; 1 Pin. 182; 72 Ark. 94; *Id.* 230; *Id.* 180; 21 Atl. 546; 52 Wis. 628.

HILL, C. J. This is an action brought by the prosecuting attorney under section 7984 of Kirby's Digest against Higginbotham, a director of the St. Francis Levee District, seeking to have him declared ineligible to hold and keep the office of director or act as a member of said board of directors, on the ground that the said Higginbotham did not reside within the boundary of the St. Francis Levee District.

The complaint, which will be found in the statement of facts, sets forth fully the position of the appellant. In brief, the appellant contends that the directors of the St. Francis Levee District are officers within the meaning of section 4, art. 19, of the Constitution, providing that "all civil officers for the State at large shall reside within the State, and all district, county and township officers within their respective districts, counties and townships."

This case primarily involves two questions: First, is a member of the board of directors of the St. Francis Levee District a public officer? and, second, if so, is he a county officer? Before the prosecuting attorney can call for a decision of the question as to whether it is a public office, he must show that he

has a right to question the authority of the director. He has no such right unless the director is a county officer, because it is only against county officers that the prosecuting attorney is authorized under section 7984 to proceed.

Let it be conceded, without being decided, that a director of the St. Francis Levee District is a public officer within the meaning of said provision of the Constitution; still the question remains paramount, whether the prosecuting attorney can oust him. Therefore, the first duty of the court is to ascertain what is a county officer within the meaning of sec. 7984.

*In the matter of Whiting,* 2 Barb. 513, the court said: "There are certain officers that are very readily understood to be county officers; such as sheriffs, coroners, surrogates, etc.; for they are appointed or elected for a county, must reside in the county, and can perform their functions only within the county. So there are officers clearly and easily known, for the same reason, as city officers—such as mayor, recorder, aldermen and the like—and village officers; such as village trustees—and town officers; such as town clerk, constable, collector, etc. But there is a large number of officers, both judicial and administrative, whom it is difficult to classify under either of these demoninations." This definition of a county officer was followed *In the matter of Carpenter,* 7 Barb. 30.

The Supreme Court of Georgia said: "A county officer then is a public officer, whose duties are limited by law to a single county." *Massenburg* v. *Commissioners,* 96 Ga. 614. The Supreme Court of the United States said: "An officer of the county is one by whom the county performs its usual functions; its functions of government." *Sheboygan Co.* v. *Parker,* 3 Wall. 93.

In *Knox* v. *Los Angeles County,* 58 Cal. 59, a superintendent of irrigation for a district composed of parts of a county was held not a county officer, but an officer of the district.

Applying these principles defining a county officer, it is apparent that a member of the board of directors of the St. Francis Levee District is not a county officer, even if it be conceded that he is a public officer. He performs no functions in or for his county. He performs none of the duties pertaining to the executive or judicial departments of his county, and he

exercises none of the political functions of it. He is a member of a quasi corporation, serving as an "agency of the State government," composed of members from various counties and parts of counties constituting a large district. *Carson* v. *Levee District,* 59 Ark. 513. If he is an officer, he is an officer of that district, and not of the county; and whether this position is a public office within the meaning of the Constitution, or whether it is a mere agency of the landowners composing the district, is a question which the court will determine when a case arises which calls for a decision thereof.

Judgment affirmed.