CLIMER v. STATE.

Opinion delivered July 6, 1931.

J. Arthur Spinks and Partain & Agee, for appellant.

Hal L. Norwood, Attorney General and Pat Mehaffy, Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Crawford County for selling liquor and, as a punishment therefor, was adjudged to serve a term of one year at hard labor in the State penitentiary, from which judgment of conviction, he has duly prosecuted an appeal to this court.

The only assignment of error urged for a reversal of the judgment is the action of the trial court in overruling appellant's challenge to W. V. Boatright as a

juror in the case. His *voir dire* examination revealed that he was a commissioner of the Fort Smith & Van Buren Bridge District, which was organized under authority of act 119 of the Acts of 1909. The district embraces Upper Township of Sebastian County and all of Crawford County except three townships. The district is divided into two divisions, one being called the Sebastian Division and the other the Crawford Division. Under an amendatory act to the act referred to, three commissioners are elected by each division, and the six commissioners constitute the board of commissioners who represent the property owners of the district in the management of same.

After appellant exhausted all of his challenges, he challenged W. V. Boatright on the ground that he was a county officer and subject to peremptory challenge under § 6382 of Crawford & Moses' Digest. That section is as follows:

"Whenever any juryman shall be presented for examination in impaneling any jury, it shall be a ground for peremptory challenge, that said juryman is a postmaster, justice of the peace or county officer."

Agents or representatives of the owners of the land in an improvement district are in no sense county officers. This court has so ruled in the cases of *State ex rel. Going* v. *Higginbotham*, 84 Ark. 537, 106 S. W. 484, and *Nakdimen* v. *Fort Smith & Van Buren Bridge District*, 115 Ark. 194, 172 S. W. 272. It necessarily follows that W. V. Boatright was not subject to a peremptory challenge as a juror under § 6382 of Crawford & Moses' Digest.

The judgment is affirmed.