SMITH *v.* STATE, EX REL. DUTY, PROSECUTING ATTORNEY.

4-8141                                                    199 S. W. 2d 578

Opinion delivered February 10, 1947.

Rehearing denied March 10, 1947.

*John W. Nance,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

HOLT, J.   This action was instituted June 21, 1946, in the name of the State, in the Benton Circuit Court, by the prosecuting attorney of that district, against J. Frank Smith and Eli Leflar, challenging the right of each of these parties to serve as judge of the municipal court of the city of Rogers. The action is brought under what is known as the Usurpation Statute, §§ 14325-14332, Pope's Digest.

The petition, and amendment thereto, alleged that Rogers is a city of the first class and by ordinance May 5, 1946, established a municipal court in said city under the authority of §§ 9897-9912, inclusive, of Pope's Digest. It was further alleged that after the passage of the ordinance, the office of municipal judge was vacant and "the clerk of said municipal court called for an election of a judge by the attorneys and the respondent, Eli Laflar, was designated as said judge by the attorneys voting, . . . and that the respondent, Eli Leflar, is acting as judge of said municipal court," . . . and (at the time the suit was filed) "is assuming to act continuously as municipal judge and for the full term of two years until the next regular city election, by virtue of said election by the attorneys," and "that Rogers, Arkansas, is a municipal corporation of the first class and that the respondent, J. Frank Smith, is the duly elected mayor of said city, and as such mayor has been assuming to act as *ex-officio* judge of said municipal court and has tried and decided cases as *ex-officio* municipal judge. Petitioner states further that said respondent, J. Frank Smith, is also assuming to exercise criminal jurisdiction as judge of the mayor's court of said city of Rogers," and it was prayed "that the bench of the municipal court of the city of Rogers be declared vacant and that said court be declared as the court of sole criminal jurisdiction within said city, and for all other relief to which petitioner may show itself entitled."

Eli Leflar, one of the respondents, alleged that under the ordinance, *supra,* which he made a part of his response, he was the duly elected and qualified judge of the municipal court of Rogers, entitled to the office, and that J. Frank Smith is a usurper and prayed that the court so declare. Section 4 of the ordinance provides: "Immediately after passage and approval of this ordinance, the clerk of the court shall give notice to attorneys to elect a special judge to fill the existing vacancy, as provided for in § 9901 of Pope's Digest of the Statutes of Arkansas. Said special judge so elected by the attorneys shall receive the same salary as hereinabove provided for the regularly elected judge, and shall hold office

114

until the next regular city election, at which time, and at each regular city election held every four years thereafter, a municipal judge shall be elected for a term of four years.''

Mayor J. Frank Smith answered with a general denial, ''and for affirmative defense states that the respondent, Eli Leflar, is assuming to exercise the jurisdiction and performing the functions of judge of the Rogers municipal court without legal right and is, therefore, a usurper.''

Three resident citizens and taxpayers intervened and alleged, among other things, ''that there is no municipal court in the city of Rogers, and (one) cannot at this time be formed  .  .  , there being no legal authority for the institution of a municipal court in said city,'' and prayed accordingly.

The cause was submitted on the pleadings and an agreed statement of facts, the material portions of which were embodied in the judgment of the trial court. The judgment contained the following recitals: ''The court further finds that the respondent, J. Frank Smith, is not entitled to assume the office of *ex officio* judge of said municipal court and that he was not a police judge at the time of the passage of said ordinance No. 292, and that he is not qualified under the law to hold said office. The court further finds that the respondent, Eli Leflar, is not entitled to hold the office of municipal judge under the law in that § 9901 of Pope's Digest applies only to the election of a special judge when the regular judge of the municipal court is unable to appear; that Eli Leflar was the regularly elected special judge only for those cases which were before the court at the time of said election, and his election by the attorneys did not constitute a filling of the vacancy in the office of municipal judge.

''The court finds that the bench of the municipal court in Rogers is vacant and that both the respondents, J. Frank Smith and Eli Leflar, should be ousted from any right, title or claim of said office of muncipal judge, either regular, special or *ex officio.*

"It is, THEREFORE, considered, ordered and adjudged by the court that the bench of the municipal court of Rogers be and it is hereby declared vacant, and that the respondents, J. Frank Smith and Eli Leflar, be and they are hereby ousted from any right, title or claim to the office of judge of said municipal court, either as regular, special or *ex officio* judge."

J. Frank Smith, alone, has appealed.

On this state of the record, at the very threshhold, we are met with appellant's contention that the prosecuting attorney, under what is known as the Usurpation Statute, lacked authority to institute the present suit, and on the authority of *State* v. *Tyson*, 161 Ark. 42, 255 S. W. 289, reaffirmed in *Purdy* v. *Glover*, 199 Ark. 63, 132 S. W. 2d 821, we must, and do, sustain this contention. In the Tyson case, the prosecuting attorney had brought suit to test the right of one to hold the office of town marshal under the Usurpation Statute, then § 10325, *et seq.*, C. & M. Digest, now § 14325, *et seq.*, of Pope's Digest. After pointing out, that under § 10328 of C. & M. Digest, now 14328, Pope's Digest, for usurpation other than county offices, "the action by the State shall be instituted and prosecuted by the attorney general," this court said: "The remaining question in the case is whether or not the action may be instituted by the prosecuting attorney. The statute quoted above (now § 14327, Pope's Digest) provides that the prosecuting attorney may only bring such actions against persons who usurp county offices. We held in *State* v. *Higginbotham*, 84 Ark. 537, 106 S. W. 484, that such an action could not be brought by the prosecuting attorney against any officer except a county officer, adopting the definition given by the Supreme Court of the United States in *Sheboygan County* v. *Parker*, 3 Wall. 93, that 'an officer of the county is an officer by whom the county performs its usual functions; its functions of government.' The decisions cited, *supra* (*Payne* v. *Rittman*, 66 Ark. 201, 49 S. W. 814; *Whittaker* v. *Watson*, 68 Ark. 555, 60 S. W. 652) are decisive that municipal officers are not county officers within the meaning of the usurpation statute, so the action could

not be brought by the prosecuting attorney. The circuit court has jurisdiction in such actions (*State* v. *Sams*, 81 Ark. 39, 98 S. W. '955), but, except in the case of county officers, suit must be instituted by the attorney general. Appellee had the right to challenge the authority of the prosecuting attorney, even though he acted in the name of the State. And since it appears that the action was instituted without legal authority, the circuit court was correct in dismissing the complaint.'' There was no showing of a demand on the attorney general, and his refusal to bring the instant suit.

Some of the sections of the statutes, and decisions of this court, affecting transactions of the nature herein presented, are: 9578 and 9941 of Pope's Digest, as amended by Act 154 of 1943, and *Payne* v. *Rittman*, 66 Ark. 201, 49 S. W. 814, and *Hogins* v. *Bullock*, 92 Ark. 67, 121 S. W. 1064, 19 Ann. Cas. 822.

We, therefore, hold that since the office involved here is a municipal office and not a county office, the prosecuting attorney was without authority to institute the suit and accordingly the judgment is reversed and the cause dismissed.