Sanford L. BESHEAR, Jr. *v.* Steve CLARK, Attorney
General for the State of Arkansas, William A. McLEAN,
Prosecuting Attorney, Thirteenth Judicial District

86-245                                               728 S.W.2d 165

Supreme Court of Arkansas
Opinion delivered April 27, 1987

*Sanford L. Beshear, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *E. Jeffery Story*, Asst. Att'y
Gen., for appellees.

ROBERT H. DUDLEY, Justice. The appellant, Sanford L. Beshear, Jr., a taxpayer and resident of Rison, filed a petition for a Writ of Mandamus in the Circuit Court of Cleveland County seeking to compel the Prosecuting Attorney or the Attorney General to file either a civil complaint or a criminal charge for usurpation against Ronnie A. Phillips for usurping the office of Municipal Judge of Rison. The underlying contentions of Beshear, an attorney, are that: (1) Phillips was appointed as municipal judge in 1977 by the joint action of the City Council of Rison and the Quorum Court of Cleveland County, (2) such an appointment was invalidated by the plurality opinion plus one of the concurring opinions in *Pulaski County Municipal Court* v. *Scott*, 272 Ark. 115, 612 S.W.2d 297 (1981), and (3) the appointment was invalid because Phillips is not "an elector of the judicial subdivision wherein the court sits." *See* Ark. Stat. Ann. § 22-704 (Repl. 1962), *but see* also § 22-705.2 (Supp. 1985) (providing that the governing body of a city may appoint the municipal judge from an adjoining county when no qualified attorney from the seat of the court is elected) and Ark. Const. art. 19, § 4 (providing for residency).

The trial court held that the office of municipal judge is a municipal office; that the civil action for usurpation of municipal office must be instituted and prosecuted by the Attorney General; that the petition for the Writ of Mandamus seeking to compel the Attorney General to file a civil action can be brought only in Pulaski County; and therefore, the Circuit Court of Cleveland County is without venue to direct the Attorney General to file a civil suit for usurpation. We affirm that ruling.

First, we discuss that part of the petition which seeks to compel the filing of a civil suit for usurpation pursuant to Ark. Stat. Ann. § 34-2201 through -2209 (Repl. 1962). In *Smith* v. *State ex rel. Duty*, 211 Ark. 112, 199 S.W.2d 578 (1947), a case in point, we held that the office of Judge of Municipal Court is a municipal office, not a county office, and an action brought pursuant to the civil usurpation act, § 34-2201 through -2209, to test the right of the claimant to hold such office could be brought only by the Attorney General and not by the Prosecuting Attorney of the district. In *Logan* v. *Harris*, 213 Ark. 37, 210 S.W.2d 301 (1948), another case in point, we said that neither a private individual nor the prosecuting attorney has the right to

question the title to the office of Municipal Judge; rather, it can only be questioned by the Attorney General. Just as in *Smith, supra*, the basis of the holding was that the office of Municipal Judge is a municipal office and Ark. Stat. Ann. § 34-2205 (Repl. 1962) provides: "For usurpation of other than county offices or franchises, the action by the State shall be instituted and prosecuted by the Attorney General." Following our cases, we hold that the office of Municipal Judge is a municipal office and that an action brought pursuant to the civil usurpation statute to test the right of the claimant to hold such office can be brought only by the Attorney General.

Venue for the petition for a Writ of Mandamus against the Attorney General lies in the county of residence of the Attorney General. The case of *Reed* v. *Wilson*, 163 Ark. 520, 260 S.W. 438 (1924), cogently sets out the reasoning:

> Where a public official fails to perform a purely ministerial duty, involving no discretion, he may be compelled to do so by mandamus; but, if it be contended that the facts stated in the complaint are sufficient to call for an award of the writ of mandamus as an appropriate remedy . . . , that remedy being of a strictly legal nature, . . . such an action must be prosecuted as a personal one against the officer who refuses to perform his duty, and must be brought in the county where the officer resides [Ark. Stat. Ann. § 34-201]. That answer is complete. The only theory upon which the officer can be sued at all is that he is not the representative of the State, but that his wrongful act of omission is attributable to his refusal to discharge a duty imposed upon him by law. That being true, he must be sued in the county of his residence, in accordance with the provisions of the statute.

The petition for a Writ of Mandamus to direct the Attorney General to perform a ministerial duty must be brought in the county of the General's residence, in this case, Pulaski County. Thus, the trial court properly dismissed the petition for a writ of mandamus seeking to compel the civil usurpation action for lack of venue.

On appeal, the appellant additionally contends that the trial court erred by failing to compel the Prosecuting Attorney to

file a criminal usurpation action pursuant to Ark. Stat. Ann. § 41-3956. The appellant did cite the criminal statute in his petition, but did not bring it to the trial court's attention. He only mentioned the civil usurpation statute, § 34-2204, and argued that venue of the Writ of Mandamus for the civil usurpation action was properly in Cleveland County. He did not ask for a ruling on the criminal usurpation phase of the case, nor did he bring it to the trial court's attention. Since the matter was not brought to the trial court's attention and since the trial court did not rule on the issue, we will not consider it. A matter cannot be raised on appeal for the first time.

Affirmed.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. We cannot say with a straight face that the office of municipal judge is a municipal office as opposed to a county office, not as long as the decision in *Pulaski County Municipal Court* v. *Scott*, 272 Ark. 115, 612 S.W.2d 297 (1981), stands. In that case we held that a county municipal court is constitutional. Obviously, that judge is a county officer.

The majority does attempt to put some distance between it and that case by describing the decision as a "plurality" decision. But we are mainly responsible for the mess that exists in the "municipal court" system. Our original error was made in 1915 in the case of *State* v. *Woodruff*, 120 Ark. 406, 179 S.W. 813, when we held a city or municipal court had countywide jurisdiction. It led to the mischief that has resulted in a plethora of municipal courts in Arkansas, all sharing the same countywide jurisdiction and many created purely for local political reasons and to raise money. For example, Pulaski County has seven municipal courts, all equally free to hear any case arising from any place in the county. For example, a citizen of Little Rock can be arrested in North Little Rock and tried in Sherwood. Evidently, a gentleman's agreement only prevents such cases.

We have done the very thing we have told the legislature numerous times that it cannot do under the constitution: create a court. *Walker* v. *Arkansas Department of Human Services*, 291 Ark. 43, 722 S.W.2d 558 (1987). The existing municipal court

system is loose, running free of the constitution and subject only to our decisions and legislative acts, which are usually local acts in violation of Amendment 16 to the Arkansas Constitution. We have on two occasions struck down such courts. See *Littleton* v. *Blanton*, 281 Ark. 395, 665 S.W.2d 239 (1984); *Lawson* v. *City of Mammoth Spring*, 287 Ark. 12, 696 S.W.2d 712 (1985). Others, for one reason or another, we have yet to deal with. See *Horn* v. *State*, 282 Ark. 75, 665 S.W.2d 880 (1984).

We can correct our mistakes or continue to brood this system we have hatched. It is doubtful the legislature will deal with the question, and the municipal judges have shown no inclination to address the problem. The longer we wait to acknowledge our mistakes the worse it will get. I agree that the municipal court judge is a municipal officer and that's all he or she is or can be. For that reason I join in the decision.