The Honorable Charlotte T. Schexnayder State Representative P.O. Box C Dumas, AR 71639-0220
Dear Representative Schexnayder:
This is in response to your request for an opinion on the following questions:
 1. Is it legal for a mayor to serve as municipal court judge in his town?
 2. How is vacation time to be allotted to full time firemen who work 51 hours with 8 hours overtime weekly? Can we give them three weeks or must they be only on the days they work, which is two 24-hour days and an 11-hour day?
It is my opinion that the answer to your first question is in all likelihood "no." I assume that this question is asked with respect to a municipality operating under a mayor-city council form of government, also known as the aldermanic form of government. You do not indicate in your request which office was held first; that is, you do not state whether your question contemplates a mayor who is currently in office accepting the municipal court judgeship, or vice versa. A different analysis applies to these scenarios. It is my opinion, however, that dual service in these positions is likely prohibited.
A sitting mayor is prohibited, in my opinion, under A.C.A. §14-42-107(a)(2) (1987), from being appointed municipal judge for the city. This Code section states that "[n]o alderman or council member shall be appointed to any municipal office except in cases provided for in this subtitle, during the time for which he may have been elected." The Arkansas Supreme Court has held that the office of municipal court judge is a municipal office. SeeBeshear v. Clark, 292 Ark. 47, 728 S.W.2d 165 (1987), citingSmith v. State ex rel. Duty, 211 Ark. 112, 199 S.W.2d 578
(1947) and Logan v. Harris, 213 Ark. 37, 210 S.W.2d 301 (1948). It has also held that the mayor is a "council member," albeit an "ex-officio" member. See A.C.A. §§ 14-43-501 (1987) (organization of city council in first-class cities), 14-44-107
(powers of mayor in cities of the second class) and 14-45-105
(powers of mayor in incorporated towns); see also Gibson v.City of Trumann, 311 Ark. 561, 845 S.W.2d 515 (1993). This office has previously opined, specifically, that the prohibition under § 14-42-107(a)(2) extends to a mayor. Op. Att'y Gen.88-083. Thus, a mayor cannot be appointed as municipal judge for the municipality.
In the event the municipal judgeship is an elected position, or if the office of municipal judge was held prior to acceptance of the mayor's office, the common law "incompatibility of offices" doctrine will in all likelihood prohibit this dual service. The "incompatibility" question is whether the discharge of the duties of one office conflict with the duties of the other, to the detriment of the public good. Murphy v. Townsend, 72 Ark. 180,79 S.W. 782 (1904). The inconsistency making the offices incompatible may arise from one office being subordinate to another, or from the power of one officer to audit the accounts of the other. See Tappan v. Helena Fed. Sav. Loan Ass'n,193 Ark. 1023, 104 S.W.2d 458 (1937). Incompatibility of offices has also been found to exist where the statutory functions and duties require the officer to choose one obligation over another. 63 Am. Jur. 2d Public Officers and Employees § 78 (1984).
A successful incompatibility argument could, in my opinion, be premised in this instance upon the mayor's voting authority and his veto power. A.C.A. §§ 14-43-501 and -504 (cities of the first class), 14-44-107 (second class), and 14-45-105 (incorporated towns). The authority and responsibility of the city council with respect to setting the salary and expenses of the municipal judge (see Arkansas Code Title 16, Chapter 17) must be recognized in this regard. While the office of municipal judge is not, perse, subordinate to the office of mayor, the mayor's potential involvement in setting the judge's salary and expenses give rise, in my opinion, to an incompatibility of offices. The mayor may vote, when necessary, to pass any ordinance, bylaw, resolution, order, or motion. And he may veto any ordinance, resolution or order. The inherent conflict, as a result of these powers, between the offices of mayor and municipal judge is apparent.
It is therefore my opinion, in response to your first question, that one's dual service as mayor and municipal court judge for the same municipality would be prohibited by statute and/or the common law "incompatibility of offices" doctrine.
In response to your second question, it is my opinion that by giving the firemen three weeks' annual vacation, the city will have met the "fifteen (15) days" annual vacation requirement under A.C.A. § 14-53-107 (1987), as previously construed by this office.[1] With regard to your budgetary concerns, it is my opinion that the city is not required to calculate the fifteen days paid vacation requirement on the basis of a twenty-four hour shift.
Please note that I have enclosed a copy of Attorney General Opinion 91-233, which addresses this issue. See also Op. Att'y Gen. 92-186 (copy enclosed) regarding military leave. It was concluded in Opinion 91-233, following the ruling in City ofFort Smith v. Brewer, 255 Ark. 813, 502 S.W.2d 643 (1973), that vacation and holiday pay should not be based upon the 24-hour work shift. As noted in this opinion, the Brewer decision indicates that the city may have some discretion in defining a calendar day or a day's pay for purposes of the annual vacation and holiday compensation provisions. Id. at 2. It was concluded in that particular instance that the city would be justified in calculating a day's pay, for purposes of these provisions, based upon a five-day work week. Id. The opinion also states that following Brewer, for purposes of the grant of "fifteen (15) days" annual vacation under § 14-53-107, "days" should be construed to refer to 8-hour rather than 24-hour shifts.
Thus, following the above interpretation of what constitutes a "day" under § 14-53-107, a grant of three weeks' annual vacation will exceed the minimum fifteen-day requirement for firemen who work two twenty-four hour shifts and one eleven-hour shift weekly. With regard to vacation pay, it is my opinion that the city has some discretion in determining what constitutes a "day" for these firemen. Generally, however, a "day" with reference to the shifts of fire fighters should, in my opinion, be construed to mean an eight hour day.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
Enclosures
[1] Section 14-53-107 (1987) states that "[t]he chief of the fire department shall so arrange that each employee shall be granted an annual vacation of not less than fifteen (15) days with full pay."