Don A. Eilbott, Chairman Jefferson County Election Commission Courthouse 101 W. Barraque Pine Bluff, AR 71601
Dear Mr. Eilbott:
This is in response to your request for an opinion on the following questions regarding the additional municipal judgeship for the Second Division of the Pine Bluff Municipal Court, created under A.C.A. §16-17-108 (dddd) (2) (Supp. 1999):
 1. What electors are authorized to vote on the office of municipal judge, City of Pine Bluff, Arkansas, Second Division? Are the qualified electors the electors of the City of Pine Bluff or of Jefferson County?
 2. Is the office of Pine Bluff Municipal Judge Second Division a city office such that it is to be voted upon in the same manner as other municipal offices, that is, without party primaries and according to the filing timetables and procedures to be used for municipal candidates for office?
 3. What jurisdiction is to the exercised by the Pine Bluff Municipal Court Judge, Second Division? Can that judge exercise jurisdiction over cases arising outside of the city limits of Pine Bluff, Arkansas?
 4. Is the office of Pine Bluff Municipal Court Judge Second Division, a full time position such that the judge is prohibited from engaging in the private practice of law?
RESPONSE
It is my opinion that the qualified electors of the City of Pine Bluff shall elect the municipal judge for the Second Division of the Pine Bluff Municipal Court. This municipal judgeship is, in my opinion, a municipal office to be voted upon in the same manner as other municipal offices. The Pine Bluff Municipal Court, Second Division, has original jurisdiction, coextensive with the county, over the matters outlined in A.C.A. § 16-17-704 (Supp. 1999). In my opinion, the judge is not prohibited from engaging in the private practice of law.
Question 1 — What electors are authorized to vote on the office ofmunicipal judge, City of Pine Bluff, Arkansas, Second Division? Are thequalified electors the electors of the City of Pine Bluff or of JeffersonCounty?
It is my opinion that the qualified electors of the City of Pine Bluff are the ones authorized to vote on this office, in accordance with A.C.A. § 16-17-108 (dddd) (2) (A) (Supp. 1999), which states in relevant part:
 The qualified electors of the City of Pine Bluff shall elect in addition to the presently elected municipal judge an additional municipal judge for the Second Division of the Pine Bluff Municipal Court.
This provision, which is unequivocal in requiring election by the city electors, was added to § 16-17-108 (dddd) by Act 1470 of 1999. As you note, two other acts passed during the 1999 legislative session that address the method of election municipal court judges require countywide election.[1] In my opinion, however, § 16-17-108 (dddd) (2) (A) is the controlling provision as regards the Pine Bluff Municipal Court, Second Division judgeship. The general rules of statutory construction require that this statute, which specifically addresses this municipal judgeship, be given effect rather than the general pronouncements in §§16-17-120 and — 130 (see n. 1, supra). See generally Brown Root, Inc.v. Hemstead County Sand Gravel, Inc. 767 F.2d 464 (8th Cir. 1985) (where a special statute governs a particular subject, it shall apply instead of a general law); Thomas v. Easley, 277 Ark. 222, 640 S.W.2d 797
(1982) (where specific expressions conflict with general expressions, the rule is to give greater effect to the specific expression).
Question 2 — Is the office of Pine Bluff Municipal Judge Second Divisiona city office such that it is to be voted upon in the same manner asother municipal offices, that is, without party primaries and accordingto the filing timetables and procedures to be used for municipalcandidates for office?
The answer to this question is "yes." The Arkansas Supreme Court has held that the position of municipal judge is a municipal office. Beshear v.Clark, 292 Ark. 47, 728 S.W.2d 165 (1987); Smith v. State ex rel. Duty,211 Ark. 112, 199 S.W.2d 578 (1947); Oliver v. Simons, 318 Ark. 402,885 S.W.2d 859 (1994) (regarding the Pulaski County Municipal Court, which is filled by a countywide election. It is therefore my opinion that the filing timetables and the procedures for municipal candidates for office in Pine Bluff will apply to the office of Pine Bluff Municipal Judge, Second Division.[2]
Question 3 — What jurisdiction is to the exercised by the Pine BluffMunicipal Court Judge, Second Division? Can that judge exercisejurisdiction over cases arising outside of the city limits of PineBluff, Arkansas?
The territorial jurisdiction of the Pine Bluff Municipal Court extends throughout the county, in accordance with A.C.A. §§ 16-17-206 (b) (Supp. 1999) and 16-17-704 (a) (Supp. 1999). The answer to the second part of this question is therefore "yes," as to those matters falling within the court's jurisdiction. Sections 16-17-206 and -704 should be referenced as to the particular matters over which the court has jurisdiction, and as to whether that jurisdiction is exclusive or concurrent with other courts.
Question 4 — Is the office of Pine Bluff Municipal Court Judge SecondDivision, a full time position such that the judge is prohibited fromengaging in the private practice of law?
According to my review of the various general provisions governing the qualifications of municipal judges, there is no prohibition against a municipal judge engaging in the private practice of law. See A.C.A. §§16-17-209 (Repl. 1994), 16-17-401 (Repl. 1994), and 16-17-503 (Repl. 1994). Indeed, A.C.A. § 16-17-121 (Repl. 1994), in addressing salary increases for court personnel, specifically contemplates a municipal judge's private practice. See subsection (b) (6) (citing "[t]he time taken away from the judge's private practice" as a factor to consider).
As you note, A.C.A. § 16-17-108 (dddd) (1) (Supp. 1999) does prohibit theFirst Division Pine Bluff Municipal Court Judge from engaging in the private practice of law. There is no such prohibition, however, in subsection (dddd) (2) with respect to the Second Division. It thus seems clear that the Judge of the Second Division of the Pine Bluff Municipal Court may engage in private practice.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Act 1574 of 1999 is codified as A.C.A. § 16-17-120 (Supp. 1999), and provides under subsection (a) thereof that "[t]he judge of any municipal court which has been created or is hereafter created under the provisions of subchapter 2 of this chapter, or any other general law authorizing or providing for the establishment of a municipal court, shall be elected by the electors of the entire county. . . ."Act 1118 of 1999 is codified as A.C.A. 16-17-130 (Supp. 1999), and states that "[t]he judge of any municipal court located in a county with only one (1) municipal court shall hereafter be elected countywide."
[2] You have stated that party primaries are not conducted for municipal offices in the City of Pine Bluff and that candidates run on a non-partisan basis. See A.C.A. § 14-42-206 (authorizing cities with the mayor-council form of government to request the political parties to conduct party primaries). Section 14-42-206 is, in my opinion, the controlling provision as this is a municipal judge position that is elected citywide. See A.C.A. § 14-42-206 (c) (3) (Supp. 1999) (emphasis added) (stating that "[a]ny municipal judge position that is electedother than citywide will not be affected by this section.")