The Honorable Kevin Anderson State Representative 1712 South 28th Place Rogers, AR 72758-1479
Dear Representative Anderson:
I am writing in response to your request that I reconsider my decision not to issue an opinion on a question that you have previously submitted concerning the authority of a district judge to perform various judicial tasks in cases filed in a different district court or in a circuit court in the same county. I declined to address the question in Attorney General Opinion 2003-130, based on the assumption that the issue related to a matter currently pending in the Benton County Circuit Court. You have submitted further information explaining that the question you raise is unrelated to the pending matter. I will therefore proceed to address your inquiry, with that understanding.
As background for your question, you state:
 Benton County would like to make arrangements for one of the current District Judges in Benton County (those judges being located in Benton County West, Bentonville, Rogers, and Siloam Springs) to conduct bail bond hearings, Review probable cause affidavits for search warrants, Review probable cause affidavits for arrest warrants, Conduct extradition hearings, and conduct indigency hearings regarding the appointment of the Public Defender to represent criminal defendants.
You then ask:
 May a duly-elected District Judge conduct one of the functions described above in a matter that is filed in another District Court in the same county or in Benton County Circuit Court?
RESPONSE
It is difficult to address this question without knowing precisely what "arrangements" are contemplated. If this contemplates assigning these functions to one judge who would function similar to a former magistrate, and the county compensating him or her for this purpose, it is my opinion that the answer is "no."
As you are aware, district courts are the successors of municipal courts following the adoption of Amendment 80 to the Arkansas Constitution. See
Ark. Const. amend. 80, § 7(a) (establishing "district courts" effective July, 2001) and Acts 2001, No. 1693 (designating municipal courts as "district courts," effective July 1, 2001). The General Assembly has now made extensive changes to the Arkansas Code for the implementation of Amendment 80. See Acts 2003, No. 1185; see also Acts 2003, No. 1475
(salary act). It has also established judicial districts and the number of judges for district courts, in anticipation of the nonpartisan 2004 judicial general election. See Acts 2003, No. 1727.
Prior to the adoption of Amendment 80 and its implementing legislation, municipal judges were authorized to appoint "magistrates" to conduct pretrial functions and to hold court for the municipal judge, with all acts of the magistrate having the same validity as those of the municipal judge. A.C.A. § 16-17-107(a) and (b) (Repl. 1999). The magistrate's appointment had to be approved, and his or her compensation determined, by the political subdivisions funding the court. Id. at (c) and (d). Municipal courts also had "jurisdiction to sit as examining courts, and to commit, discharge, or recognize offenders to the court having jurisdiction of the trial, and to bind persons to keep the peace or behavior." A.C.A. § 16-17-704(b) and (c) (Repl. 1999). A magistrate could therefore be appointed, pursuant to these provisions, to conduct the functions you have listed.
These provisions were repealed by legislation implementing Amendment 80, effective July 16, 2003. See Act 1185, supra, (and generally Op. Att'y Gen. 2003-119, regarding the effective date of legislation passed in the Eighty-Fourth regular legislative session without an emergency clause or a specified effective date.) Section 107 of Act 1185 repealed A.C.A. §16-17-107 (regarding magistrates); and Section 163 of Act 1185 amended A.C.A. § 16-17-704 (municipal court jurisdiction) to, inter alia, remove subsection (b), supra, regarding municipal courts sitting as "examining courts."[1] Id. Amendment 80, § 8 (B), authorizes district courts to appoint magistrates with such duties as may be prescribed by Supreme Court rule. The Court has prescribed no rules to date, however, and has advised, through the Chief Justice, that magistrates are not to be appointed by circuit or district judges until rules are promulgated. Memorandum from Chief Justice W.H. "Dub" Arnold to all Arkansas Circuit and District Court Judges (December 14, 2001).
I assume that your question is precipitated by these changes wrought by Amendment 80. The absence of authority to appoint magistrates no doubt prompts a desire to explore alternative means of centralizing these functions in one court. While I believe one of the current district court judges in Benton County could agree to serve similar to a magistrate appointed under prior law and handle these judicial tasks in matters arising throughout the county,[2] it is my opinion that the judge cannot be separately compensated for this purpose. The General Assembly determines "the amount and method of payment of Justices and Judges." Ark. Const. amend. 80, 16 (E). The General Assembly has acted pursuant to this provision and set the salaries of district court judges. See
Acts 2003, No. 1475, supra. The salaries of the current district court judges in Benton County are set out in sections (i) (Benton County District Court-West Judge), (j) (Bentonville District Court Judge), (llll) (Rogers District Court Judge), and (ssss) (Siloam Springs District Court Judge) of Act 1475. The salaries have thus been determined, pursuant to Amendment 80. A district judge who handles the functions you have described does so, in my opinion, either as a "judicial officer" under the Arkansas Rules of Criminal Procedure ("Rules") or pursuant to the specific statute relevant to the task.[3] Accordingly, it is my opinion that Benton County cannot arrange to compensate a district judge for conducting these functions.[4]
In conclusion, therefore, although one of the current Benton County district court judges could agree to function in a capacity similar to a magistrate, there is an absence of authority, in my opinion, to arrange for any compensation for this purpose.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Act 1185 added a provision to A.C.A. § 16-88-101 (criminal offense jurisdiction) authorizing a district to perform "pretrial functions" in the prosecution of offenses within the circuit court's jurisdiction. Section 207 of Act 1185 of 2003 adds a new subsection to § 16-88-101
stating that:
 [a] district court may issue arrest warrants and search warrants and may perform other pretrial functions, as authorized by the Arkansas Rules of Criminal Procedure, in the prosecution of a person for an offense within the exclusive jurisdiction of the circuit court [i.e., felonies].
[2] The current district judges, in my opinion, continue to exercise countywide jurisdiction. See A.C.A. § 16-88-101 (a) (4) (added byAct 1185 of 2003, regarding the various courts' criminal jurisdiction, and providing, inter alia, that the district court shall have jurisdiction of state law misdemeanor offenses "committed within the county in which the district court is located."); See also Acts 2003, No. 1727 (establishing judicial districts and the number of judges for district courts) and Op. Att'y Gen. 2003-240 (concluding that the district courts identified inAct 1727 of 2003 are not established as functional courts until January 1, 2005, when the elected district judges take office). Accordingly, the current Benton County district courts are "all are equally free to hear any case arising from any place in the county." See generally Beshear v.Clark, 292 Ark. 47, 50, 728 S.W.2d 165 (1987) (Hickman, J., concurring) (continuing by stating that "[f]or example, a citizen in Little Rock can be arrested in North Little Rock and tried in Sherwood.") This forms the basis for my conclusion that currently, one Benton County district judge might agree to handle these functions like a magistrate appointed under prior law. After January 1, 2005, a district court's territorial jurisdiction will be coextensive with the area from which he or she is elected. Acts 2003, No. 1727, supra, and Acts 2003, No. 1185, § 208 (amending subsection (a) (4) of A.C.A. § 16-88-101, effective January 1, 2005, regarding district courts' criminal jurisdiction, and providing that they shall have "original jurisdiction, concurrent with the circuit court, for the trial of offenses defined as misdemeanors by state law andcommitted within the territorial jurisdiction of the district court.") (Emphasis added.) With regard, specifically, to Benton County, Section 9 of Act 1727 of 2003 provides for the election of district court judges according to the boundaries of the districts established therein and states that the "jurisdiction of any district court in Benton County shall be limited to the district in which the court is located".
[3] Under the Rules, a "judicial officer" may "set money bail" (A.R.Cr.P. 9.2), issue search warrants (Rule 13.1) and arrest warrants (Rule 7.1), and appoint counsel to represent indigents (Rule 8.2). A "judicial officer" is defined as "a person in whom is vested authority to preside over the trial of criminal cases." A.R.Cr.P. 1.6 (c). A district court judge clearly falls within this definition. Similar authority is found in the statutory counterparts to these Rules. See, e.g., A.C.A.16-82-201 (search warrants may be issued by "any judicial officer of this state.") With regard to extradition, A.C.A. 16-94-213 authorizes the issuance of extradition warrants by "any judge" upon the filing of oaths or complaints, and provides that the charge or complaint may be heard by "the same or any other judge . . . who may be convenient of access to the place where the arrest may be made. . . ."
[4] I recognize that the Arkansas Judicial Discipline and Disability Commission has issued an advisory opinion (Advisory Opinion #2003-03) concluding that the Code of Judicial Conduct ("Code") does not prohibit a district judge from receiving extra compensation from a county for performing additional judicial responsibilities. As stated in the opinion, however, this was a "narrow conclusion" under the Code. Id. It did not address Amendment 80 to the Arkansas Constitution or any of the legislative enactments that form the basis for my conclusions herein.