The Honorable Thomas D. Deen Prosecuting Attorney Tenth Judicial District
506 South Main Street Monticello, Arkansas 71655
You have requested my opinion on the following question concerning the Ashley County District Court:
 Is the office of the judge of the District Court of Ashley County, Crossett Department, a municipal office or a county office, or given the passage and implementation of Amendment No. 80, is the office of district judge a state office?
As background for this question, you state that the Mayor of Crossett has asked you to file a petition pursuant to A.C.A. § 16-118-105 for the removal of the judge of the Ashley County District Court, Crossett Department, [1] based on the judge's alleged failure to meet the residency requirement under Amendment 80 to the Arkansas Constitution.[2] *Page 2 
RESPONSE
Although your question is couched in general terms, its genesis is A.C.A. § 16-118-105 (Repl. 2006), which makes provision for actions for the removal of usurpers from public office. I will therefore address your question in this context.[3] For the reasons explained, I cannot definitively state that the Ashley County District Court, Crossett Department, is either a municipal or a county office for this purpose. There is simply no definitive authority on this issue. A judicial ruling may be necessary to decide the matter.
It should nevertheless be noted that regardless of the status of this district court office within the meaning of the usurpation statute, you have the power, as explained further below, to seek the district judge's removal pursuant to the common-law remedy ofquo warranto if you believe the facts warrant such action.
DISCUSSION
Some additional background information will be helpful before expanding upon the above responses. Section 16-118-105, the so-called "usurpation statute," provides for actions for usurpation of "county offices or franchises," as well as "other than county offices or franchises."[4] As you note, a usurpation action by the state under the provisions of this statute must be instituted by a prosecuting attorney as to "county offices or franchises."[5] As you further note, prior to the adoption of Amendment 80 to the Arkansas Constitution, the office of municipal *Page 3 
court judge was held by the Arkansas Supreme Court to be a municipal office, not a county office, within the meaning of the usurpation statute.[6] Accordingly, a statutory usurpation action testing the right to hold the office of municipal judge could not be brought by a prosecuting attorney.[7]
Amendment 80 re-structured the judiciary in Arkansas and created "District Courts" to assume, on January 1, 2005, the jurisdiction previously exercised by the municipal courts, corporation courts, police courts, justice of the peace courts, and courts of common pleas.[8] Amendment 80 further provides that "[e]ffective January 1, 2005, the District Courts shall be regarded as a continuation of the Municipal Courts, Corporation Courts, Police Courts, Justice of the Peace Courts and Courts of Common Pleas now existing."[9] These changes wrought by Amendment 80 have caused you to question the status of the office of judge of the Ashley County District Court, Crossett Department. If it remains a municipal office, or if it is a state office, you are not authorized to bring an action under section 16-118-105 because your authority under this statute is limited to county offices.
In my opinion, one could reasonably argue that the Ashley County District Court in all likelihood is not a state office when considering A.C.A. § 16-118-105. I recognize that district courts are among the courts that comprise the "Judicial department of state government" pursuant to Amendment 80.[10] This could conceivably lead to the conclusion that a district court judge is a state officer for purposes of such constitutional provisions as Ark. Const. art. 19, sec. 6 (prohibiting dual office holding in the same department of government) and art. 4, sec. 2 (separation of powers).[11] But I do not believe this is solely determinative *Page 4 
for purposes of the usurpation statute. To the contrary, I believe it is significant that the Ashley County District Court is not included among the "pilot state district court judgeships" that were created in 2007 as part of "a program of fulltime pilot state district court judges."[12] The 2007 legislation specifically designates the pilot judges as "state district court judges," and provides that "the state shall pay [their] salary and benefits. . . ."[13] There is no comparable statutory designation suggesting the Ashley County District Court's status as a state court.
Nor, in my opinion, can it clearly be stated that the Ashley County District Court, Crossett Department, is a "municipal office."[14] The cases previously decided under A.C.A. § 16-118-105 with respect to municipal court were addressing an office established by city ordinance pursuant to legislation enacted under the authority of former Ark. Const. art. 7, which provided:
 The judicial power of the State shall be vested in one Supreme Court, in circuit courts, in county and probate courts, and in justices of the peace. The General Assembly may also vest such jurisdiction as may be deemed necessary in municipal corporation courts. . . .
(Emphasis added.)[15]
When faced with the question whether the office of municipal court judge was a municipal or a county office for purposes of the usurpation statute, the Arkansas Supreme Court had little difficulty determining that it was a municipal office.[16] This was understandable, given the provisions of Ark. Const. art. 7 regarding "municipal corporation courts" and "[c]orporation courts for towns and cities."[17] *Page 5 
It by no means follows, however, that the office of district court judge is a municipal office. Amendment 80 established the "district court" as the "unified limited jurisdiction court in Arkansas."[18] It is to be considered a continuation of not only municipal courts, but also "Corporation Courts, Police Courts, Justice of the Peace Courts and Courts of Common Pleas. . . ."[19] District court judges were first elected in November of 2004 from newly established judicial districts to take office January 1, 2005.[20] This caused my immediate predecessor to observe:
 [T]he newly established district courts serve legislatively defined judicial districts (see A.C.A. § 16-17-901 et seq.), and consequently are not properly denominated courts of a city or town.[21]
Another of my predecessors observed: "There may be some question as to the proper categorization of `district judges' under Amendment 80 as `municipal officers,' `district officers,' or some other type of officers."[22]
I agree. The pre-Amendment 80 cases decided under A.C.A. § 16-118-105 with respect to the office of municipal court judge plainly are distinguishable and do not control the question regarding a district court judge's status as a municipal officer, a county officer, or some other type of officer. Nor is the question clearly answered by any of the statutes governing district courts. The organization, territorial jurisdiction, and funding of district courts varies from court to court, depending upon the locale and the governing subchapter of the Arkansas Code.[23] *Page 6 
Some district judges are elected countywide and have countywide jurisdiction;[24] some are elected by judicial district with territorial jurisdiction limited to the district in which the court is located;[25] and some are elected by city electors and have jurisdiction only within the city limits.[26] Most district judges are paid partly by a city and partly by the county, with other operating expenses paid by the city or town in which the court is located.[27] But this is not always the case.[28]
It is impossible in light of these provisions to state definitively that a district court judge is either a municipal officer or a county officer. Another statute further confuses the issue in referring to the district judge as "an employee of the cities or counties, or both, that he or she serves. . . ."[29]
With regard to classifying a district judge as a county officer for purposes of A.C.A. § 16-118-105, it must also be noted that the Arkansas Supreme Court has in this context defined an officer of the county as "an officer by whom the county performs its usual functions; its functions of government."[30] In the earlier case, the court stated the following in determining that a member of the board of directors of a levee district was not a county officer within the meaning of the usurpation statute: *Page 7 
 He performs no functions in or for his county. He performs none of the duties pertaining to the executive or judicial departments of his county, and he exercises none of the political functions of it. . . . If he is an officer, he is an officer of that district, and not of the county[.]"[31]
It may similarly be said that the duties of a district court judge do not pertain to the functions of county government. Accordingly, if faced with the question, the court may well conclude that a district judge is not a county officer for purposes of A.C.A. § 16-118-105. Such a ruling would of course mean that you would not be authorized to proceed under section 16-118-105 to oust the judge of the Ashley County District Court if ineligibility exists. Please note, however, that an action under this Code section is "in lieu of" a common-law writ of quowarranto.[32] You have ample authority under the common law to institute an action to oust an alleged usurper of a district judge position.[33] The court in Robinson,supra at n. 32, stated:
 It is contended that the prosecuting attorney had no authority to bring the action on the ground that the statute only authorized the institution of actions against persons who shall usurp county offices and that the office of school director is not a county office. We are of the opinion that, independent of this statute, the prosecuting attorney, as the representative of the state, is authorized to maintain actions in the nature of proceedings quo warranto to oust any and all persons from offices to which they are not eligible, or the right to hold which they may have forfeited. The substance of the remedy provided by [A.C.A. § 16-118-105] remains the same as that at common law, and, since those statutes do not profess to declare the sole and exclusive remedy, the general rule is that the statutory remedy will be considered cumulative rather than exclusive of the remedies then existing. [Citation omitted.] The fact that the statutory *Page 8 
proceeding is in lieu of the ancient common-law writ does not abolish the remedies for which that writ was created.[34]
Regardless of the status of the district court office within the meaning of the usurpation statute, therefore, you clearly have authority under the common law to institute proceedings in the nature of quo warranto if the facts warrant such action in your estimation.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely, DUSTIN McDANIEL Attorney General
[1] Ashley County has one district court with two departments — one located in Crossett and the other in Hamburg — and one judge for each department. A.C.A. § 16-17-908(a) (Repl. 2010). The judges are elected countywide and the court has countywide jurisdiction.Id. at (b) and (c).
[2] Pursuant to Ark. Const. amend. 80, § 16(D), "[a]ll Justices and Judges shall be qualified electors within the geographical area from which they are chosen, and Circuit and District Judges shall reside within that geographical area at the time of election and during their period of service. A geographical area may include any county contiguous to the county to be served when there are no qualified candidates available in the county to be served."
[3] It is difficult to classify the office of judge of the Ashley County District Court, Crossett Department, in a blanket fashion as either a "municipal office", a "county office," or a "state office" for all purposes. Although district courts are among the courts that comprise the "Judicial Department of state government" pursuant to Section 1 of Amendment 80, Amendment 80 is otherwise silent as to the character or classification of the office of district court judge.
[4] The statute provides:
 Whenever a person usurps an office or franchise to which he is not entitled by law, an action by proceedings at law may be instituted against him, either by the state or the party entitled to the office or franchise, to prevent the usurper from exercising the office or franchise.
A.C.A. § 16-118-105(b)(1) (Repl. 2006).
[5] Id. at (3)(A). A usurpation action for "other than county offices or franchises" must be brought by the Attorney General.Id. at (B). The person entitled to the office may also bring an action under the statute. Id. at (b)(1).
[6] Beshear v. Clark,292 Ark. 47, 728 S.W.2d 165 (1987) (citing Logan v. Harris, 213 ark . 37, 210 S.W.2d 301 (1948) and Smith v. State, exrel. Duty, Prosecuting Att'y,211 Ark. 112, 199 S.W.2d 578 (1947)).
[7] Id.
[8] Ark. Const. amend. 80, § 19(B)(2).
[9] Id. at (C).
[10] Id. at § 1.
[11] Cf. Op. Att'y Gen. 89-035 (opining that the office of municipal judge can be classified as a state office for purposes of Ark. Const. art. 19, § 6 and art. 4, § 2, citing Murphy v.Townsend, 72 Ark. 180, 79 S.W. 782 (1904)). Murphy involved a county and probate judge, which the court found to be a state officer under Ark. Const. art. 19, § 6, after noting that "he is ordinarily named as, and is in fact, a county officer, yet his office is clearly within the judicial department of the state government. . . ." 72 Ark. at 183.
[12] A.C.A. § 16-17-1103 (Supp. 2007) (codification of part ofAct 663 of 2007, establishing nineteen "pilot state district court judgeships" for twelve named counties or judicial districts of a county).
[13] Id. at-1104(a) and 1106(a).
[14] The term "department" is defined as "the physical location where sessions of court are held[.]" A.C.A. § 16-17-901(1) (Repl. 2010). I do not consider the court's location in the City of Crossett as determinative of the judge's status as a municipal officer.
[15] Ark. Const. art. 7, § 1 (repealed effective July 1, 2001, by Ark. Const. amend. 80, § 22(A)). See also former Ark. Const. art. 7, § 43 (repealed effective January 1, 2005, by Ark. Const. amend. 80, § 22(C), regarding jurisdiction of "[c]orporation courts for towns and cities. . . .")
[16] Beshear v. Clark, Logan v. Harris, and Smith v. State,supra n. 6.
[17] See n. 15, supra.
[18] In Re Implementationof Amendment 80: Amendments to Rules of Civil Procedure and InferiorCourt Rules, Addition to Reporter's Notes, Rule 1 (May 24, 2001);see Amend. 80, § 19(B)(2) (calling for the merger of all inferior courts other than city courts into the district courts).
[19] Amend. 80, § 19(3)(C).
[20] See Acts 2003, No. 1727 (establishing the district court judicial districts effective January 1, 2005); A.C.A. § 16-17-923 (Repl. 2010). Municipal court judges in office when Amendment 80 took effect remained in office through Dec. 31, 2004, pursuant to Amend. 80, § 19(A)(3).
[21] Op. Att'y Gen. 2005-017 (emphasis omitted).
[22] Op. Att'y Gen. 2001-259.
[23] See A.C.A. §§ 16-17-108,-901 et seq., and-115 (Repl. 2010) (addressing, respectively, the salaries or salary ranges for district judges and clerks, the geographical area from which the judge is elected and the court's territorial jurisdiction, and the general apportionment of district court salaries and expenses.)
[24] See, e.g., A.C.A. § 16-17-902 (counties with one district court and one district judge).
[25] See, e.g., A.C.A. § 16-17-919 (Washington County district courts).
[26] See, e.g., A.C.A. § 16-17-921 (district courts in Pulaski County, with the exception of the Pulaski County District Court.)
[27] See A.C.A. § 16-17-115 (both the current version and version effective January 1, 2012); Op. Att'y Gen. 2006-055 (opining, consistent with previous opinions of this office, that a county's obligation to pay a proportion of the expenses of the district court is generally limited to one-half of the salaries of the judge and clerk pursuant to A.C.A. § 16-17-115.)
[28] See A.C.A. §§ 16-17-108 (detailing as to some district courts an other-than-equal apportionment of court salaries and expenses between the respective city and county) and-119 (city or town pays salaries and operational expenses of district courts in counties with populations over 250,000.)See also A.C.A. §§ 16-17-115(b)(1)(A)(ii) (effective January 1, 2012, recognizing agreements between political subdivisions regarding operational expenses of district courts).
[29] A.C.A. § 16-17-1107 (Repl. 2010) (referring to district judgeships other than the "pilot state district court judgeships.")
[30] Smith v. State, 211 Ark. at 115 (relying uponState v. Higginbotham, 84 Ark. 537, 106 S.W. 484 (1907)).
[31] Higginbotham, 84 Ark. at 485.
[32] See State ex rel. Robinson v. Jones,194 Ark. 445, 108 S.W.2d 901 (1937).
[33] Id. See also Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966) (prosecuting attorney successfully ousted school board member who also improperly served on county board of education.)
[34] 194 Ark. at 447. *Page 1